Arthur W. PULLIAM, Movant.

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2002–SC–0595–KB.

Supreme Court of Kentucky.

Sept. 26, 2002.

**456**

## OPINION AND ORDER

LAMBERT, Chief Justice.

Movant, Arthur W. Pulliam, of Munfordville, Kentucky, seeks this Court to enter an order suspending him from the practice of law for sixty-one days, probated for two years with conditions. Respondent, the Kentucky Bar Association (KBA), had no objections to this motion. For the reasons set forth below, we grant Movant's request.

On November 14, 1997, a civil action was commenced in the Hart Circuit Court against Steven S. Woosley, Patricia L. Woosley, and others. *Pedigo v. Woosley*, No. 97–CI–00229. Mr. Woosley was represented by Movant in the above-mentioned action. On or about April 27, 1998, Mr. Woosley and Movant entered into a residential rental agreement, with Movant as lessor and Mr. Woosley as lessee. Movant made personal loans to Mr. Woosley on various occasions not related to pending or contemplated litigation.

On June 11, 1999, Movant filed suit against his client, Mr. Woosley, in order to recover damages for nonpayment of rents due, to recover damages for intentional property damage, and to recover damages stemming from nonpayment of personal loans. Movant obtained a default judgment. In order to receive any payment of the default judgment, Movant sought to garnish Mr. Woosley's wages. Mr. Woosley subsequently filed for bankruptcy. Movant then filed a proof of claim in the bankruptcy proceedings and sought the default judgment amount and outstanding legal fees.

On January 18, 2000, Movant appeared before a Hart County Grand Jury and testified against Mr. Woosley. As a result, Mr. Woosley was indicted for first-degree criminal mischief, KRS 512.020, for destroying Movant's rental property. On February 2, 2000, Movant corresponded with the prosecuting attorney stating that he would be satisfied with a plea agreement of three years, probated for five years, so long as Mr. Woosley paid restitution for Movant's damaged property. During this time, Movant remained Mr. Woosley's attorney of record in *Pedigo, supra.* On May 2, 2000, an agreed order of substituted counsel was filed in *Pedigo, supra,* because of a conflict of interest between Movant and Mr. Woosley. The criminal charge against Mr. Woosley was dismissed, and it was noted in the trial court's order that Movant no longer desired to prosecute.

Movant entered a guilty plea on his second offense of driving under the influence (DUI), KRS 189A.010, on June 28, 1999. The Hart District Court sentenced Movant to serve seven days in jail, to attend an alcohol treatment program for a year, and to surrender his driver's license for a year.

Pursuant to Supreme Court Rule (SCR) 3.190, the Inquiry Commission charged that Movant engaged in unethical and unprofessional conduct and brought four counts against him. Count I charged Movant with violating SCR 3.130–1.7(b) by filing a lawsuit and attempting to execute the judgment of such lawsuit against a client. Count II also charged Movant with violating SCR 3.130–1.7(b) by continuing to represent that same client after initiating and while pursuing and participating in the criminal prosecution of that client. Count III charged Movant was in violation of SCR 3.130–3.4(f) by presenting and participating in the criminal prosecution of his client for the sole purpose of collecting all or part of an unenforceable debt. Count IV charged Movant violated SCR 3.130–8.3(b) when Movant was convicted of his second DUI offense, KRS 189A.010.

Movant has submitted a motion to this Court seeking suspension from the practice of law for sixty-one days, probated for two years. As to Counts I and II, Movant admits that he violated SCR 3.130–1.7(b) due to his conduct. As to Count IV, Movant admits that due to his actions, he violated SCR 3.130–8.3(b). As to Count III, Movant has asked the Court to dismiss the charge that he violated SCR 3.130–3.4(f). Movant also admits that he has a problem with alcohol dependency.

The KBA had no objections to Movant's motion and found it satisfactory because of this Court's decision in *Kentucky Bar Association v. Rankin,* Ky., 862 S.W.2d 894 (1993). The KBA also agrees that Movant's condition was the source of his professional misconduct.

Based on the KBA's acceptance of Movant's motion, we hereby dismiss Count III of the charges brought against Movant by the Inquiry Commission. We order that Movant's license to practice law is suspended for sixty-one days from the date of this Order, with the suspension probated for a period of two years on the following terms and conditions:

(1) Movant shall abstain from the consumption of alcoholic beverages;

(2) Movant shall attend or continue to attend regular meetings with his therapist, Henry L. Mayfield, MSW, LCSW of Mayfield and Associates;

(3) Movant shall sign an authorization allowing the Kentucky Bar Association to review his therapist's records at any time;

(4) A member of the Lawyers Helping Lawyers Committee (hereinafter "Member")[1] has agreed to supervise Movant during his probationary period. Member shall file quarterly reports with the Disciplinary Clerk of the Kentucky Bar Association for distribution to Bar Counsel. These reports shall state if Movant is complying with the terms and conditions of this motion and any court order resulting from this motion. If at any time Member becomes aware of Movant's violation of any of the terms of this motion or the Court's order, Member shall immediately file a notice of such violation(s) with the Disciplinary Clerk of the Kentucky Bar Association for distribution to Bar Counsel and Movant;

(5) Member has the following responsibilities:

(a) To obtain an affidavit from the Movant and Movant's therapist with answers to the following questions: (I) whether Movant has abstained from consumption of alcoholic beverages; and (II) whether Movant has continued to attend regular meetings with his therapist during the reporting period;

(b) To review the records of Hart District and Circuit Courts to determine if Movant has been involved in any alcohol-related incidents during the reporting period; and

(c) To contact Movant as Member deems appropriate to discharge Member's responsibilities as set forth above;

(6) Movant's personal therapist, Henry L. Mayfield, has agreed to notify the Disciplinary Clerk of the Kentucky Bar Association of any failure by Movant to satisfy the terms of this motion or subsequent Court order. Upon entry of the Court's order memorializing the terms of this motion, Movant will notify Henry L. Mayfield that a report of noncompliance with the

---

1. Movant has requested that the identity of the Lawyers Helping Lawyers Committee member who will be supervising his probation remain confidential; therefore, the committee member will not be referenced by name but shall hereinafter be referred to as "Member."

probationary terms shall be submitted to Member.

(7) If Movant violates the terms of probation within two years of the date of any Order from the Court resulting from this motion, the Kentucky Bar Association may file a motion with the Supreme Court requesting the issuance of a show cause order directing Movant to show cause, if any, why the sixty-one day suspension should not be imposed; *and,*

(8) At the expiration of the probationary period of two years and if Movant has fully complied with the above terms, the order of suspension shall be terminated and all terms of Movant's probation shall be terminated. Additionally, Member shall be discharged from any further responsibilities relating to this motion.

In the event that Movant violates the terms and conditions of his probation, he must notify all of his clients regarding his suspension from the practice of law and the underlying reasons which led to said suspension. In addition, Movant is to pay all costs connected with the proceedings of this instant matter.

Wherefore, the motion of Movant, Arthur W. Pulliam, is hereby granted as set forth above.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., concurs with the Opinion, except that he would not dismiss Count III.

ENTERED: September 26, 2002.

/s/ Joseph E. Lambert
　　Chief Justice