Arthur W. PULLIAM, Movant,

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2002–SC–0595–KB.

Supreme Court of Kentucky.

April 21, 2005.

---

13. *Id.*

14. 769 S.W.2d 42.

## OPINION AND ORDER

Arthur Woodson Pulliam, whose last known bar roster address is 300 West Main Street, Munfordville, Kentucky 42765, was admitted to the practice of law in this Commonwealth on October 21, 1994. By Opinion and Order of this Court entered September 22, 2002, Pulliam was suspended for sixty-one (61) days, probated for a period of two years. *Pulliam v. Kentucky Bar Association*, 84 S.W.3d 455 (Ky.2002). The suspension was the result of the Inquiry Commission charging Pulliam with violations of: (1) SCR 3.130–1.7(b), by (a) filing a lawsuit and attempting to execute judgment of such lawsuit against a client, and (b) continuing to represent that same client after initiating and participating in the criminal prosecution of that client; (2) SCR 3.130–3.4(f), by presenting and participating in the criminal prosecution of his client for the sole purpose of collecting an unenforceable debt; and (3) SCR 3.130–8.3(b), for a conviction

of a second DUI offense. As part of his probation, Pulliam agreed to numerous conditions, the first being "Movant shall abstain from the consumption of alcoholic beverages."

Pulliam's two-year probation would have expired on September 26, 2004. However, on August 18, 2004, Pulliam was arrested in Hart County for driving under the influence and reckless driving. The Uniform Citation indicates that the arresting officer detected the odor of alcohol on Pulliam's breath and that he failed three field sobriety tests. Although the citation notes that blood and urine samples were taken, a breathalyzer was apparently not administered.

The Kentucky Bar Association (KBA) subsequently moved this Court for an order requiring Pulliam to show cause why the sixty-one (61) day suspension should not be imposed for violation of his probation agreement.[1] An order was entered by this Court on December 16, 2004, granting Pulliam thirty (30) days to show cause why he should not be suspended from the practice of law. Pulliam failed to respond.

Accordingly, we now grant the KBA's motion to commence Pulliam's sixty-one (61) day suspension. Therefore, IT IS HEREBY ORDERED THAT:

(1) Arthur W. Pulliam is suspended from the practice of law in the Commonwealth of Kentucky for a period of sixty-one (61) days. The period of suspension shall commence on the date of entry of this order.

(2) Pursuant to SCR 3.390, Pulliam shall, within ten (10) days from the entry of this Opinion and Order, notify all clients

---

1. The KBA points out that Pulliam was arrested and pled guilty in July 2003 for possession of marijuana and attempted possession of a controlled substance (Valium). The Uniform Citation from that arrest is attached to the KBA's motion and indicates that Pulliam was also arrested for DUI. The KBA explains that it did not seek to revoke Pulliam's probation at that time since the charges did not involve alcohol consumption.

in writing of his inability to represent them, notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the KBA.

(3) In accordance with SCR 3.450, Pulliam is directed to pay all costs associated with these disciplinary proceedings against him, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: April 21, 2005.

/s/ Joseph E. Lambert
　Chief Justice