**Brad COFFMAN, Esq., KBA Member No. 13043, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2005–SC–000973–KB.

Supreme Court of Kentucky.

Jan. 19, 2006.

Peter L. Ostermiller, Louisville, Counsel for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Office of Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

### OPINION AND ORDER

Movant, Brad Coffman, Esq., was admitted to the practice of law in the Commonwealth of Kentucky in 1977. He practices in Western Kentucky and concentrates his practice in the area of criminal defense both in state and federal courts. His bar roster address is 917 College Street, P.O. Box 1359, Bowling Green, KY 42102–1359.

On August 12, 2002, a criminal information case number 02–CR–42 was filed against Mr. Coffman by the U.S. Attorney's Office for the Eastern District of Kentucky for allegedly failing to pay taxes. On December 19, 2002 Mr. Coffman entered a guilty plea to one count of the information and the other count was dismissed and the matter was passed for sentencing.

On April 17, 2003, the U.S. District Court conducted a sentencing hearing in which Mr. Coffman was present in person and by counsel, Scott Cox. At the hearing, Dr. Loreen Rugle, a psychologist and a recognized expert in the area of gambling addictions, testified that she conducted a psychological assessment of Mr. Coffman and had reached the professional conclusion that Mr. Coffman's conduct during the late 1990's met the diagnosis of a pathological gambler. She further spoke on the seeming inconsistencies in the behavior patterns of pathological gamblers as to what financial obligations are paid and what financial obligations are not paid by a person engaged in pathological gambling. Dr. Rugle noted that approximately one-half of all persons suffering from pathological gambling disorders also have a concurrent substance or alcohol abuse problem and that in her opinion Mr. Coffman primarily suffered from a gambling addiction problem which had a secondary disorder of alcohol abuse.

The U.S. District Court found that Mr. Coffman suffered from a pathological gambling disorder and that his disorder significantly reduced his mental capacity to commit the criminal offense of willful failure to pay income taxes. The U.S. District Court concluded that Mr. Coffman's gambling disorder fully contributed to the commission of the offense on which he entered his guilty plea and accordingly, the U.S. District Court sentenced Mr. Coffman to misdemeanor probation for five years, and imposed certain conditions of his probation, such as, drug and alcohol testing, mental health counseling, and restitution for the unpaid tax obligations as set out in his plea agreement. The U.S. District Court's sentencing decision is reflected in its Amended Judgment entered May 12, 2003.

Mr. Coffman has since seriously and aggressively addressed his gambling addiction, alcohol abuse and major depression issues. Mr. Coffman has not engaged in any gambling activity since July of 1999 and attends GA meetings once a month in

Louisville. Additionally Mr. Coffman has been sober since October of 2002 and attends regular AA meetings at least two times per week. Since late 2003, Mr. Coffman has also been a volunteer counselor in the Kentucky Bar Association's Kentucky Lawyer Assistance Program, i.e., KYLAP.

Because Mr. Coffman has aggressively and appropriately addressed his gambling addiction and alcohol abuse problems, he has requested and filed a verified motion for consensual discipline. The Kentucky Bar Association, in response to the Mr. Coffman's Verified Motion for Consensual Discipline, stated that it has no objection to the Respondent's motion and after reviewing the facts and case law, the KBA concluded that the appropriate discipline in this matter is a public reprimand and a suspension of sixty-one days, with the period of suspension probated until termination of the period of probation in his underlying criminal case.

This Court, in previous decisions, has granted similar discipline in which attorneys have been publicly reprimanded, with a probated suspension period. *Aulenbach v. Kentucky Bar Association,* 151 S.W.3d 330 (Ky.2004); *Pulliam v. Kentucky Bar Association,* 84 S.W.3d 455 (Ky.2002); *Kentucky Bar Association v. Colston,* 54 S.W.3d 158 (Ky.2001).

Therefore, we adopt the finding of the KBA regarding the appropriate discipline in this matter and order Mr. Coffman shall be publicly reprimanded and suspended for sixty-one days, with the period of suspension probated until termination of the period of probation in his underlying criminal case, United States v. Coffman, 02–CR–42, subject to the conditions set forth in the Verified Motion for Consensual Discipline and this Order.

Thus, it is ORDERED that:

1) Mr. Coffman will remain in compliance with all terms of the probation in case number 02–CR–42.

2) Mr. Coffman will abstain from the consumption of alcoholic beverages.

3) Mr. Coffman shall continue attending alcoholic's anonymous meetings and shall abstain from gambling in any form.

4) Mr. Coffman shall submit to supervision as approved by the Kentucky Bar Association's Lawyer Assistance Program, and such supervision shall continue to the extent and duration as deemed necessary and appropriate by KYLAP during the period of his federal probation.

5) Mr. Coffman shall not have any additional disciplinary charges initiated against him pursuant to SCR 3.190.

6) Mr. Coffman, shall pay the costs of $8.38, for which execution may issue from this court upon finality of this Opinion and Order.

7) Mr. Coffman shall execute an appropriate release to authorize the Kentucky Bar Association to directly communicate with, and obtain information from, his probation officer in case number 02–CR–42

8) In the event Mr. Coffman violates the terms of his probation as set out in the Motion for Consensual Discipline, and this Order, prior to the termination of the period of probation in his underlying criminal case, *United States v. Coffman,* Eastern District of Kentucky, case number 02–CR–42, the KBA may file a Motion with this Court requesting the issuance of a Show Cause Order directing him to show cause, if any he has, why the sixty-one day suspension should not be imposed.

9) At the expiration of the probationary period as set forth above, and in the event of Mr. Coffman's full compliance with, and performance of, all of the conditions imposed herein, the Order of Suspension

shall be terminated, and all of the terms of Mr. Coffman's probation pursuant to said Order shall be terminated.

All concur.

ENTERED: January 19, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE