**KENTUCKY BAR ASSOCIATION,**
Appellant,

v.

**Arthur Woodson PULLIAM, KBA MEMBER # 85456, Appellee.**

No. 2006–SC–000128–KB.

Supreme Court of Kentucky.

May 18, 2006.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Steven T. Pulliam, Kentucky Bar Association, Frankfort, Counsel for Appellant.

Arthur Woodson Pulliam, Munfordville, Counsel for Appellee.

## OPINION AND ORDER

Respondent, Arthur Woodson Pulliam, KBA Member # 85456, was admitted to the practice of law in Kentucky on October 21, 1994. He was previously suspended from the practice of law on April 21, 2005, for a period of 61 days. Mr. Pulliam's bar roster and last known address is 300 Main Street, P.O. Box 159, Munfordville, Kentucky 42765.

On July 10, 2003, Pulliam was arrested and charged with the following offenses:

1. Possession of controlled substance in the third degree (KRS 218A.1417);

2. Possession of controlled substances not in original container (KRS 218A.210);

3. Possession of drug paraphernalia (KRS 218A.500(2));

4. Attempted possession of controlled substance in the first degree (KRS 218A.1415);

5. Possession of marijuana (KRS 218A.1422); and,

6. DUI second offense (KRS 189A.010).

On July 31, 2003, Pulliam pled guilty to the charge of possession of marijuana and to the charge of attempted first degree possession of a controlled substance.

## KBA File Number 10825

On April 9, 2004, the Inquiry Commission charged that Pulliam had engaged in professional misconduct in violation of SCR 3.130(8.3) by committing a criminal act that reflects adversely on the Respondent's honesty, trustworthiness or fitness as a lawyer in other respects. The Disciplinary Clerk appointed Hon. Thomas H. Burnett of Lexington, Kentucky, to serve as Trial Commissioner, which was approved by Chief Justice Joseph Lambert pursuant to SCR 3.230.

On September 9, 2004, an Amended Charge was issued by the Inquiry Commission to correct some of the information relating to Respondent's guilty plea; however, no additional counts were added. The Amended Charge further charged the Respondent with violating SCR 3.130(8.3) because he had also attempted to possess a controlled substance, which had been inadvertently omitted in the original Charge.[1] Respondent Pulliam admitted in his first Answer that he had possessed marijuana and that he had pled guilty to possession of marijuana. In his Answer to the Amended Charge, Respondent Pulliam again admitted to pleading guilty to possession of marijuana and to attempted possession of a controlled substance.

The Trial Commissioner held an evidentiary hearing on July 27, 2005, in which Respondent did not appear in person or by counsel. Respondent was aware of the disciplinary proceeding against him and had previously submitted answers to the related charges, as well as participated in pre-trial telephonic conferences with the

---

1. Respondent Pulliam also pled guilty to this charge in his plea on July 31, 2003.

Trial Commissioner and the Office of Bar Counsel. The Order setting the evidentiary hearing was mailed to Respondent at his bar roster and last known address by the Disciplinary Clerk on June 17, 2005; however, it was not returned.

The Trial Commissioner found Respondent guilty of violating SCR 3.130(8.3) by committing a criminal act that reflects adversely on Respondent's honesty, trustworthiness or fitness as a lawyer in other respects. The Trial Commissioner subsequently recommended the Respondent receive a suspension for one hundred and eighty-one (181) days for the violation of SCR 3.130(8.3). The KBA filed a Notice of Appeal pursuant to SCR 3.365 on October 21, 2005, in order for the Board to review the Trial Commissioner's recommendation.

### Factual Background

Initially, Respondent was asked to provide an explanation regarding his arrest and criminal charges by letter dated August 20, 2003. In response, Respondent admitted pleading guilty to possession of marijuana and that he is a recovering alcoholic. Further, in both his initial Answer and his Answer to the Amended Charge, Respondent asserts that he has been diagnosed with several disorders, each of which "bear a contribution to [his] actions." Although Respondent admits his conduct was not appropriate, he does not believe that it calls into question his fitness as a lawyer.

The Inquiry Commission issued an Inquiry Commission Complaint on December 8, 2003. Respondent informed the Inquiry Commission that he had abstained from the use of alcohol and drugs since July 2003, and that he was voluntarily enrolled in the KBA Kentucky Lawyers' Assistance Program ("KYLAP") as a self-referral.

During the evidentiary hearing held by the Trial Commissioner on July 27, 2005, KYLAP Director C. Houston "Hoot" Ebert testified regarding Respondent's past participation in KYLAP, and he provided a copy of a signed waiver allowing him to discuss the details of Respondent's participation. Director Ebert explained that Respondent originally became involved with the Lawyers Helping Lawyers program in 2002 in compliance with an Order of this Court as the program was then changing over to the new KYLAP. Respondent Pulliam signed a supervision agreement with KYLAP on July 23, 2003; however, according to Director Ebert, Respondent "is not actively participating with KYLAP" and no one with KYLAP is sure of his whereabouts. In March 2005, Respondent stopped calling his monitor and has not responded to any phone calls or correspondence according to Director Ebert.

Moreover, in August 2004, Respondent was arrested for another alcohol-related offense, which violated the terms of his two-year probation.[2] This Court revoked his probation and imposed the 61–day suspension in April 2005 as previously mentioned.

### Findings and Conclusions of Board of Governors

 As mentioned, the Trial Commissioner recommended a 181–day suspension based on the evidence presented. Complainant, Kentucky Bar Association, filed a Brief with the Board of Governors; Respondent, however, has filed no further brief in this matter. The Board subse-

---

**2.** The facts surrounding the prior probation were not made available.

quently adopted the findings of fact of the Trial Commissioner. Furthermore, the Board agreed with the Trial Commissioner's recommendation that Respondent has violated SCR 3.130(8.3) and rejected the defense raised in Respondent's verified Answers.

Regarding discipline, the Board, noting the Trial Commissioner's findings with regard to Respondent's past offenses and prior discipline, concluded that Respondent should be suspended for 181 days for his conduct in this matter. The Board voted not to review this case *de novo*. A vote was taken as to whether the recommendation of the Trial Commissioner as the finding of a violation and the degree of discipline imposed was supported by substantial evidence. The result of the Board's vote was 20–0 that the Trial Commissioner's findings were based on substantial evidence. The Board has recommended to this Court that Respondent be found guilty of the charge in KBA File No. 10825 and recommends that Respondent be suspended from the practice of law for 181 days.

After careful consideration of the relevant facts and the KBA's recommendations, this Court orders that Mr. Pulliam be suspended from the practice of law for 181 days. THUS, IT IS ORDERED:

1.) That Respondent, Arthur Woodson Pulliam, be suspended from the practice of law in the Commonwealth of Kentucky for 181 days, effective immediately upon entry of this order. This suspension shall continue until Respondent is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

2.) Pursuant to SCR 3.390, Respondent shall provide notice to any clients he currently represents of his inability to provide further legal services, shall notify all courts in which he has matters pending of his suspension, and shall provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously with their mailing.

3.) That Respondent shall pay the certification of costs in the amount of $647.41 for which execution may issue from this Court upon finality of the Opinion and Order.

All concur.

ENTERED: May 18, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE