**KENTUCKY BAR ASSOCIATION,**
**Movant**

v.

**Arthur Woodson PULLIAM,**
**Respondent.**

**No. 2007–SC–000433–KB.**

Supreme Court of Kentucky.

Sept. 20, 2007.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Arthur Woodson Pulliam, who was admitted to practice law in Kentucky on October 21, 1994, whose Bar Roster Address is 125 Chenoweth Lane, Suite 212, Louisville, Kentucky 40207, and whose KBA Member Number is 85456, be permanently disbarred.

The Board's recommendation, as reflected in the Findings of Fact, Conclusions of Law, and Recommendation filed on June 14, 2007, resolves the five disciplinary cases involving Respondent (KBA File Nos. 12136, 13041, 13101, 13115, and 13142) that are currently pending.

### Procedural History

The bar complaint in KBA File No. 12136 could not be served by mail and was instead served on the Executive Director of the KBA as agent for service under SCR 3.175(2) and was personally served on Respondent by the Hart County Sheriff's office. Respondent replied to the complaint with a letter to the Inquiry Commission.

Attempts to serve copies of the complaints in KBA File Nos. 13041, 13101, 13115, and 13142 by mail and in person by the Hart County Sheriff failed, so they were served instead on the Executive Director of the KBA as agent for service under SCR 3.175(2) on July 28, 2005. Respondent failed to reply to these complaints.

The Inquiry Commission issued charges in all five files on December 19, 2005. Copies of the charges were mailed to and signed for by Respondent later that month. Respondent failed to respond to the charge in KBA File No. 12136, but he replied to each of the other charges by way of separate letters in May 2006. None of the letters complied with the rules to allow the clerk to file them as official answers to the charges. Respondent was notified of the deficiency by letter sent in June 2006, but he never took steps to properly file answers to the charges.

The Board's findings of fact and conclusions of law as to the substance of the charges are summarized below.

### KBA File No. 12136

The first disciplinary case rose from a criminal prosecution against Respondent for reckless driving and driving under the influence in 2004. Respondent pled guilty to the DUI, and the reckless driving charge was dismissed. Respondent, however, failed to appear in court for sentencing, which led to the issuance of a bench warrant for him.

The complaint was initiated by the Inquiry Commission, rather than by a client. In his response to the complaint, Respondent claimed that he missed the court appearance because he had not been aware his sentencing had been scheduled because of confusion about when he was slated to undergo residential addiction treatment. He also claimed that he appeared in court a week after the scheduled date.

The Inquiry Commission charge contained two counts alleging violations of SCR 3.130–3.4 for failing to comply with

522

obligations under the rules of a tribunal (count I) and SCR 3.130–8.3(b) for misconduct that reflects on honesty or trustworthiness (count II). The Board, by vote of 18–0, found Respondent not guilty of both counts, noting that his failure to appear at the sentencing date was the result of miscommunication, not an ethical violation, and that DUI is not conduct that reflects adversely on a lawyer's honesty or trustworthiness.

## KBA File No. 13042

This disciplinary case rose from Respondent's representation of Sean Andrews in a criminal matter. Respondent was hired by Mary Andrews, the mother of Mr. Andrews, in January 2005. She agreed to pay Respondent $100.00 per hour and tendered a $2000.00 retainer. Respondent visited his client in the jail on only one occasion and provided no further legal services but did not refund any of the fee. Ms. Andrews filed a complaint against Respondent.

The Inquiry Commission's charge contained six counts alleging violations of SCR 3.130–1.3 for lack of diligence in representation (count I), SCR 3.130–1.4(a) and (b) for failing to communicate properly with the client and keep the client informed (counts II and III), SCR 3.130–1.5(a) for charging an unreasonable fee (count IV), SCR 3.130–1.16(d) improperly terminating representation (count V), and SCR 3.130–8.1(b) for failing to respond to the complaint (count VI). In his letter to the Disciplinary Clerk, Respondent argued that Ms. Andrews was not his client and that he had visited his client more than the complaint claimed, but admitted that his client was due a partial refund.

The Board voted to find Respondent guilty of counts I, II and V. The Board voted to find him not guilty on counts III, IV, and VI, noting that there was insuffi-

cient information to determine the nature and extent of Respondent's communication with his client, that there was no indication the $100 per hour fee was unreasonable and failure to return any unearned fee was included in count V, and that he did respond to the complaint, albeit in an untimely manner.

## KBA File No. 13101

The next disciplinary case rose from Respondent's representation of David Carter. Carter paid Respondent $500 in 2002 to begin working on an adoption, though the only work done on it was the signing of some preliminary forms. In 2004, Carter paid Respondent an additional $1000 for representation in a custody and visitation matter. Respondent provided no services in this regard and failed to respond to repeated calls and messages, personal visits, and a letter from Carter asking for his file and a refund of the fee.

The Inquiry Commission's charge contained five counts alleging violations of SCR 3.130–1.3 for lack of diligence in representing Carter (count I), SCR 3.130–1.4(a) for failing to communicate with the client (count II), SCR 3.130–1.5(a) for charging an unreasonable fee (count III), SCR 3.130–1.16(d) for improper termination of representation (count IV), and SCR 3.130–8.1(b) for failure to respond (count V). In his letter to the disciplinary clerk, Respondent argued that he had done extensive work for Carter on the domestic matters and on a separate criminal case involving the mother of Carter's children and that all the work used up the pre-paid legal fees. Respondent also claimed that after the pre-paid fees were used up, he continued to do some of the work for Carter on a pro bono basis.

The Board voted to find Respondent guilty of counts I, II and IV, and not guilty of counts III and V because there was no

evidence that the fee was unreasonable, failure to return any unearned fee was included in count IV, and he did respond, though in an untimely manner.

## KBA File No. 13115

This file rose from Respondent's representation of Gloria Russell. In October 2004, Russell paid Respondent $325.00 to begin preparing a bankruptcy petition; she paid the $344.00 balance of the fee in December 2004. Respondent performed no legal services for Russell and failed to refund her fee.

The Inquiry Commission's charge contained five counts alleging violations of SCR 3.130–1.1 for failure to provide competent representation (count I), SCR 3.130–1.5(a) for charging an unreasonable fee (count II), SCR 3.130–1.16(d) for improper termination of representation (count III), SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation (count IV) and SCR 3.130–8.1(b) for failure to respond (count V). In his letter to the disciplinary clerk, Respondent stated that he had no record of Russell's paperwork and admitted she was entitled to a refund if she had paid him for legal services.

The Board voted to find Respondent guilty of counts III and IV, and not guilty of counts I, II and V because there was no evidence that he had failed to possess or exercise the competency necessary to handle the bankruptcy matter, the fee was unreasonable, failure to return any unearned fee was included in count III, and he did respond, though in an untimely manner.

## KBA File No. 13142

This file rose from Respondent's representation of Glendell Carter. In August 2004, Carter paid Respondent $2500.00 to begin working on a will contest. The em-ployment contract also provided that Respondent could collect one third of the value of the estate he could recover. Respondent performed no legal services for Carter. Respondent failed to respond to Carter's attempts to contact him; he also failed to follow Carter's request to return the file and fee.

The Inquiry Commission's charge contained six counts alleging violations of SCR 3.130–1.3 for failure to be diligent (count I), SCR 3.130–1.4(a) for failing to communicate with the client (count II), SCR 3.130–1.5(a) for charging an unreasonable fee (count III), SCR 3.130–1.16(d) for improper termination of representation (count IV), SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation (count V) and SCR 3.130–8.1(b) for failure to respond (count VI). In his letter to the disciplinary clerk, Respondent denied several of the factual claims made by his client and argued that he had prepared a complaint contesting the will in question but had not filed it because the client asked him to hold it until further notice.

The Board voted to find Respondent guilty of counts I, II, IV, and V, and not guilty of counts III and VI because there was no evidence that the fee was unreasonable, failure to return any unearned fee was included in count III, and he did respond, though in an untimely manner.

## Prior Discipline

The Board considered the following prior discipline of Respondent in making its recommendation.

In 2002, Respondent was suspended from the practice of law for sixty-one days, with the sanction suspended for two years on the condition of compliance with various requirements. *Pulliam v. Kentucky Bar Ass'n*, 84 S.W.3d 455 (Ky.2002). During

the probationary period, Respondent was arrested for DUI, was found to have violated the conditions imposed on him, and was ordered to serve the sixty-one day suspension. *Pulliam v. Kentucky Bar Ass'n,* 160 S.W.3d 787 (Ky.2005). Respondent was later suspended for 181 days for violating SCR 3.130–8.3(b). His violation was based on his conviction for possession of marijuana and attempted first-degree possession of a controlled substance. *Kentucky Bar Ass'n v. Pulliam,* 190 S.W.3d 925 (Ky.2006). He has not since then been reinstated to membership.

## Recommendation of the Board of Governors

After considering the forgoing facts, the Board voted 18–0 to recommend that Respondent be permanently disbarred by this Court and be required to pay the costs associated with the disciplinary action.

Neither Respondent nor Bar Counsel has filed a notice for this Court to review the Board's decision as allowed under SCR 3.370(8). Because the Board's findings and conclusions are supported by the record and the law, and because the sanction recommended by the Board is appropriate in light of Respondent's history of prior discipline, his failure to respond formally to the charges against him, and the number and seriousness of the charges against him, this Court elects not to review the recommendation of the Board as allowed under SCR 3.370(9). The decision of the Board is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Respondent, Arthur Woodson Pulliam, is permanently disbarred in the Commonwealth of Kentucky.

(2) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,412.17, for which execution may issue from this Court upon finality of this Opinion and Order.

(3) Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association, assuming that this is necessary given that he was already suspended from the practice of law. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

LAMBERT, C.J.; CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur.

ABRAMSON, J., not sitting.

Entered: September 20, 2007.

/s/ Joseph E. Lambert
CHIEF JUSTICE