TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000155-KB

**FINAL**

DATE 6-23-15 _Emil Group P._

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

REBECCA COX VENTER                                    RESPONDENT

## OPINION AND ORDER

Rebecca Cox Venter was admitted to the practice of law in the Commonwealth of Kentucky on October 13, 1995. Her Kentucky Bar Association (KBA) number is 86006 and her bar roster address is 105 Glades Street, Berea, Kentucky 40403. The KBA's Board of Governors considered a total of thirteen charges in three separate files against Venter; all of the counts reached the Board as default cases pursuant to SCR 3.210. Of the thirteen charged counts, the Board found Venter guilty of eleven and not guilty of two. The Board unanimously agreed upon disciplinary action including a 181-day suspension from the practice of law, restitution payments, Kentucky Bar Lawyer's Assistance Program (KYLAP) evaluation and assistance, and that Venter should complete the Ethics and Professional Enhancement Program (EPEP) prior to applying for reinstatement to the practice of law.

Pursuant to SCR 3.370(7), after the Board of Governors files its decision with the Disciplinary Clerk, either Bar Counsel or the Respondent may file with

this Court a notice of review. If neither party files a notice of review (as is the case here), this Court has two options: 1) under SCR 3.370(8) we may inform Bar Counsel and Respondent that we will review the decision and order the parties to file briefs or 2) under SCR 3.370(9) we may enter an order adopting the decision of the Board. Given the multitude and gravity of Venter's violations and the fact that she has failed to respond to any communication, we exercise our authority under SCR 3.370(9) and adopt the decision of the Board.

## I. BACKGROUND

The charges leveled against Venter are broken down into three separate KBA files. Each of these files represents a separate Inquiry Commission Complaint filed against Venter. She failed to file responses to any of the charges.

### A. KBA File 22266

The events related to this KBA file involve Venter's commission of several crimes and her failure to appear in court on behalf of a client. First, Venter was charged with (and eventually pled guilty to) the Class B misdemeanor of operating a motor vehicle while under the influence of drugs. Almost five months later, she failed to appear in district court on behalf of her client for a pretrial conference. Eight months after that, Venter was charged with public intoxication. A few days after the public intoxication charge, Venter was charged yet again for operating a motor vehicle while under the influence of drugs and/or alcohol. On this occasion, two minor children were accompanying Venter in her car when she struck two other occupied vehicles.

As a result of this incident, Venter was also charged with four counts of wanton endangerment, failure to maintain insurance, license not in possession, and leaving the scene of an accident.

Due to Venter's commission of the above-referenced crimes, the Board of Governors unanimously found her guilty of violating SCR 3.130-8.4(b), which provides: "[i]t is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." For failing to appear in court on behalf of her client, the Board also found Venter guilty of violating SCR 3.130-1.3 by a vote of 19-1; that rule provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." The final count in this KBA file involved Venter's failure to respond to the KBA in this matter in violation of SCR 3.130-8.1(b). That rule provides in pertinent part: "a lawyer in connection with a . . . disciplinary matter, shall not: . . . (b) . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . ." The Board unanimously found Venter guilty.

### B. KBA File 22724

This KBA file involves a case in which Venter agreed to represent a client in a criminal matter for $3000. Venter failed to respond to her client's calls and text messages and also failed to appear at a scheduled pretrial conference on her client's behalf. The client eventually hired replacement counsel.

Venter was charged with five counts of improper conduct related to her representation of this client. The Board unanimously found her guilty of three

3

of the charges, namely, those for violating: (1) SCR 3.130-1.3 by failing to exercise reasonable diligence and promptness in representing her client, (2) SCR 3.130-1.4(a)(4) by "failing to promptly comply with reasonable requests for information," and (3) SCR 3.130-1.16(d) by failing to refund unearned, prepaid legal fees. By a vote of 12-8, the Board also found Venter guilty of another violation of SCR 3.130-8.1(b) for her failure to respond. Finally, the Board found that Venter had not charged her client an unreasonable fee in violation of SCR 3.130-1.5(a) and found her not guilty of that charge.

## C. File 22810

The facts surrounding this KBA file are very similar to the last. This file involves a case in which Venter agreed to represent a client in a post-decree matter in a divorce case, but did not carry through with her obligations. Although the client paid her $1000 to do so, Venter failed to file a motion to modify custody. Venter did not return her client's calls or respond to inquiries regarding the motion. The client ultimately had to retain replacement counsel. For her misconduct, Venter was charged with violations of the same rules as in the previous file.

The Board unanimously found her guilty of violating SCR 3.130-1.3 for failing to act with reasonable diligence, 3.130-1.4(a)(4) for failing to promptly comply with reasonable requests for information, and 3.130-1.16(d) for failing to return an unearned, prepaid fee. The Board also found her guilty of failing to respond in violation of SCR 3.130-8.1(b) by a vote of 11-9. The Board found her not guilty of charging an unreasonable fee in violation of SCR 3.130-1.5(a).

4

## II. BOARD'S RECOMMENDED SANCTIONS

The Board reached a unanimous decision on Venter's recommended sanctions. It recommends that this Court: suspend Venter from the practice of law for 181 days, to be served concurrently on each charge, order her to pay restitution to her clients in KBA files 22724 and 22810, require her to enter into a contract with KYLAP according to its rules, and require her to complete EPEP prior to applying for reinstatement to the practice of law. The Board notes that Venter has no prior disciplinary history in her twenty years as a member of the KBA.

## III. ANALYSIS

The Board's recommended sanctions for Venter are in line with our precedent. For example, in *Kentucky Bar Ass'n v. Quesinberry*, 250 S.W.3d 308, 309 (Ky. 2008), this Court found Quesinberry guilty of violating SCR 3.130-1.3, -1.4, -1.16(d), and -8.1(b). The facts of that case are similar to portions of the case at bar. Quesinberry agreed to represent a client and took a retainer for that work; however, she never filed anything in the case and stopped communicating with her client. The Court noted Quesinberry's past ethical violations and suspended her for 181 days. While Venter has no past disciplinary history, she does have more counts of misconduct charged against her.

In *Kentucky Bar Ass'n v. Pulliam*, 190 S.W.3d 925, 926 (Ky. 2006), this Court suspended the attorney for 181 days for violating SCR 3.130-8.3 (which is our current -8.4). There, Pulliam was charged with several criminal acts

including third-degree possession of a controlled substance and second-offense DUI. He eventually pled to possession of marijuana and attempted first-degree possession of a controlled substance. A year later, he was convicted of another alcohol-related offense. This Court noted his prior disciplinary history and suspended him from the practice of law for 181 days. Again, while, Venter does not have a disciplinary history with the KBA, due to the number of her violations, a 181-day suspension is the proper sanction in her case. Venter's combined KBA files account for the charges brought against Quesinberry and Pulliam. If she had a history of ethical violations, even harsher discipline would be in order. However, since these are her first charges, the following discipline is appropriate.

## IV. ORDER

Agreeing that the Board's recommendation is appropriate, it is ORDERED that:

1. Venter is found guilty of the violations of the Supreme Court Rules detailed above and is suspended from the practice of law for 181 days for each charge, to run concurrently; and

2. Venter will pay restitution to her clients from KBA files 22724 and 22810 in the amounts of $3000 and $1000 respectively; and

3. Venter will submit to an evaluation with KYLAP and will enter into and abide by a contract pursuant to its rules; and

4. As a condition for reinstatement to the practice of law, Venter shall complete the EPEP program at her expense, separate and apart from

6

her fulfillment of any other continuing education requirement; she will not apply for CLE credit of any kind for this program and will furnish a release and waiver to the OBC to review her records in the CLE department that might otherwise be confidential, such release to continue in effect until one year after she completes EPEP, in order to allow the OBC to verify that she has not reported any such hours to the CLE Commission; and

5. Pursuant to SCR 3.390, Venter shall, within ten days from the entry of this Opinion and Order: (a) notify, in writing, all clients of her inability to represent them, and of the necessity and urgency of promptly retaining new counsel; (b) notify, in writing, all courts in which she has matters pending of her suspension from the practice of law; (c) provide a copy of all such letters of notification to the Office of Bar Counsel; and (d) to the extent possible, immediately cancel and cease any advertising activities in which she is engaged; and

6. In accordance with SCR 3.450, Venter is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $668.85, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 11, 2015.

_____
CHIEF JUSTICE

7