TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000405-KB

DATE 11-10-15 ExuAGrouth, D.C.

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


REBECCA COX VENTER                                    RESPONDENT


## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) has recommended that Rebecca Cox Venter be found guilty of several counts of misconduct, and be suspended from the practice of law for 60 days.

Venter was admitted to the practice of law in the Commonwealth of Kentucky on October 13, 1995. Her KBA number is 86006 and her bar roster address is 105 Glades Street, Berea, Kentucky 40403.

The allegations of misconduct in this case, KBA File No. 23162, stem from Venter's representation of David Keller in a divorce action.[1] Keller prepaid fees in an amount not disclosed in the record. Venter filed a petition for dissolution in June 2010 but failed thereafter to prosecute the matter. A notice to dismiss the case for lack of prosecution was sent to Venter in May 2013, and the case was dismissed in June 2013. Venter did not inform Keller that the case was dismissed, and he did not become aware that the divorce was not

---

[1] These facts are taken from the charge issued against Venter. The Board of Governors' findings of fact do not address Venter's conduct other than to describe in vague detail the counts in the charge. For example, the Board's findings do not even identify the client.

final until a friend checked for him. Keller has attempted to contact Venter, but she has failed to respond. She has not returned any fees paid to her by Keller.

Keller filed a bar complaint in October 2014. A copy of the complaint was mailed to Venter, but personal service was unsuccessful. Service was eventually accomplished by service on the Executive Director of the KBA under SCR 3.175(2). With the complaint, the Office of Bar Counsel included a letter notifying Venter that additional information was required from her and that failure to respond could result in an additional charge of misconduct under SCR 3.130-8.1. Venter never responded to the complaint.

The Inquiry Commission issued a five-count charge alleging that Venter violated: (1) SCR 3.130-1.3[2] by failing to act with reasonable diligence in representing Keller; (2) SCR 3.130-1.4(a)(3)[3] by failing to tell Keller that the case had been dismissed; (3) SCR 3.130-1.4(a)(4)[4] by failing to respond to Keller's requests for information and attempts to communicate with her; (4) SCR 3.130-1.5(a)[5] by charging an unreasonable fee to represent Keller in the divorce action because she failed to prosecute the matter and did not refund

---

[2] "A lawyer shall act with reasonable diligence and promptness in representing a client." SCR 3.130-1.3.

[3] "A lawyer shall ... keep the client reasonably informed about the status of the matter ...." SCR 3.130-1.4(a)(3).

[4] "A lawyer shall ... promptly comply with reasonable requests for information ...." SCR 3.130-1.4(a)(4).

[5] "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." SCR 3.130-1.5(a).

any prepaid fee; and (5) SCR 3.130-8.1(b)[6] by failing to respond to the Office of Bar Counsel's requests for information.

A copy of the charge was personally served on Venter by a Madison County Sheriff's Deputy on March 13, 2015. Venter did not answer the charge, and the matter was submitted to the Board of Governors as a default case under SCR 3.210(1). On counts 1, 2, and 5, the Board voted 18 to 0 (with 2 recused) to find Venter guilty. As to count 3, the Board voted 10 to 8 to find her guilty. As to count 4, the Board voted 18 to 0 to find her not guilty.

The board then considered Venter's disciplinary history since her admission to the bar in 1995. Her disciplinary history consists of only one case, but it is a significant one. In *Kentucky Bar Association v. Venter*, 463 S.W.3d 343 (Ky. 2015), issued this past June, this Court suspended Venter from the practice of law for 181 days. As detailed in that opinion, which addressed three separate KBA files, Venter appears to have a significant substance-abuse problem that has manifested in multiple criminal charges and failures to carry through on client matters.

The Board noted in its recommendation that the facts of this case "appear causally related to the problems documented in the prior charges." The Board voted 18 to 0 to recommend that Venter be suspended for 60 days, with that suspension to be served consecutively to that previously ordered by this Court. The Board also stated that Venter should be referred to the Kentucky

---

[6] "[A] lawyer ... in connection with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority ...." SCR 3.130-8.1(b.)

Lawyers Assistance Program (or KYLAP) for evaluation, treatment, and assistance, as necessary and as previously recommended, though that was not included in its final recommendation, presumably because she has already been ordered to consult with KYLAP.

Neither the KBA's Office of Bar Counsel nor Venter has sought review by the Court under SCR 3.370(7). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(8). Thus, the Board's decision is adopted in full under SCR 3.370(9).

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Rebecca Cox Venter is found guilty of the above-described violations of the Rules of Professional Conduct in KBA Case No. 23162.

2. Venter is hereby suspended from the practice of law in this Commonwealth for a period of 60 days, to be served consecutively to the 181 days previously ordered.

3. In accordance with SCR 3.450, Venter is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $275.03, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: October 29, 2015.

_____
CHIEF JUSTICE

4