TO BE PUBLISHED

# Supreme Court of Kentucky

### 2022-SC-0270-KB

JASON PAUL PRICE                                                          MOVANT


V.                                    IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                    RESPONDENT


## OPINION AND ORDER

This matter is before the Court on Jason Paul Price's motion for a sanction of a two-year suspension from the practice of law in order to resolve a number of disciplinary cases. SCR[1] 3.480(2). Following a thorough review of the record, including the Kentucky Bar Association's response agreeing with the proposed sanction, we grant Price's motion.

## I. Factual Background.

Price was admitted to the practice of law in Kentucky in 2003.[2] He was temporarily suspended in August 2015, pursuant to SCR 3.165(1)(b), after this Court determined probable cause existed to believe Price's conduct posed "a substantial threat of harm to his clients or to the public." *Inquiry Comm'n v.*

---

[1] Rules of Supreme Court.

[2] Price's bar roster address is 946 S. Ridgecrest Lane, Paoli, IN 47454, and his Kentucky bar roster number is 89665.

*Price*, 465 S.W.3d 885 (Ky. 2015). Price was subsequently convicted of one count of trafficking in a controlled substance, 1st degree, more than 10 dosage units, a class D felony. He was sentenced to diversion and his conviction has since been expunged.

Price admits guilt of violating the Rules of Professional Conduct as set forth below and wishes to resolve all pending matters against him through the imposition of the requested discipline.

### A. KBA File No. 23554.

In December 2015, the Inquiry Commission issued a Complaint against Price in connection with criminal charges filed against him in Whitley Circuit Court in April 2015, specifically one count of trafficking in a controlled substance, 1st degree, more than 10 dosage units, a class D felony. Price had texted a client requesting more money, then additionally texted her agreeing to accept 15 pain pills in lieu of payment of $500 in attorney fees. Price pled guilty and received diversion for the criminal charges on December 22, 2015.

Price was charged with violating SCR 3.130(8.4)(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); SCR 3.130(8.4)(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and SCR 3.130(8.1)(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Price acknowledges his conduct violated SCR 3.130(8.4)(b) and (c). He requests that the third count, alleging violation of SCR 3.130(8.1)(b), be dismissed, as the failure to respond was due to his

2

former counsel's inaction, not his own. The KBA does not object to the dismissal of this final count.

### B. *KBA File No. 23659.*

In 2012, Roy Manus paid Price $9,849.50 to represent Manus and his brother in a case involving a will and land dispute. Price filed a lawsuit and requested medical records. Although Price attended court in the matter three times, he repeatedly postponed the case, including a trial scheduled for December 2014. Price's arrest in his own criminal case and subsequent suspension resulted in his being unable to represent Manus when the case was scheduled to be heard in April 2015.

Manus alleged Price lied about court dates, was paid for depositions that were never taken, and charged for motions that were never filed. While Price questions the validity of one of Manus's receipts, Price has agreed to refund Manus the amount of $4,231.75.

The Inquiry Commission voted to issue a charge against Price in this matter for violations of SCR 3.130(1.3) (lack of diligence); SCR 3.130(1.16)(d) (failing to protect a client's interests on termination of representation); SCR 3.130(8.1)(b) (failing to respond to the Bar Complaint); and SCR 3.130(8.4)(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Price admits the violations on which the charge was authorized, with the exceptions of SCR 3.130(8.1)(b). He requests that count be dismissed, as he did ultimately submit his response. The KBA does not object to the dismissal of this count.

3

### C. KBA File No. 23678.

Price was hired in April 2011 to prepare a deed and a will for Arlie Lawson. He was paid $600 for the will and $400 for the deed. Due to Lawson's ill health, his daughter contacted Price several times to advise that time was of the essence, but Price failed to respond. Price prepared the will but did not get Lawson's signature prior to his passing away. Price did not prepare the deed.

A charge was authorized for violations of SCR 3.130(8.1)(b) (failure to respond to the Bar Complaint) and SCR 3.130(8.4)(c) (engaging in conduct involving fraud, deceit, or misrepresentation for failure to return the fee), after Price failed to timely respond to the charge. Price asks that the first count of the authorized charge be dismissed, as he did file a response before the charge was issued. That response, together with time records Price was ultimately able to provide, resolved some issues raised in the original charge, but Price acknowledges failure to complete the work for which he was paid the original fee of $500, and failure to refund that money, in violation of SCR 3.130(8.4)(c).

### D. KBA File No. 23886.

From January through March 2015, Michael Skidmore paid Price $1,700 to represent him on a first-degree assault charge. The last payment, $700, was made on March 11, 2015, and the receipt stated it was for "total labor fee for trial." On March 23, 2015, Price was arraigned on his own criminal charges, as noted above. Due to Price's temporarily suspension in August 2015, he was unable to complete his representation of Skidmore. Price, furthermore, failed

4

to refund any unearned fee, though he acknowledges he had not earned it all. Price also acknowledges his failure to respond to a request from the Office of Bar Counsel for an accounting to determine the amount of the unearned fee. During the time Price and the Office of Bar Counsel worked to globally resolve his pending matters, Price repaid the unearned fee to Skidmore. Price acknowledges he should have done so prior to Skidmore's filing a Bar Complaint, and that his failure to do so violated SCR 3.130(1.16)(d) (failing to protect a client's interests on termination of representation and refunding unearned fee). Price also acknowledges that his failure to provide the accounting of his time in the case to the Office of Bar Counsel, as requested, violated SCR 3.130(8.1)(b) ("knowingly fail to respond to a lawful demand for information from and admissions or disciplinary authority[]").

### E. KBA File No. 23953.

Kevin Phipps hired Price in 2013 to represent him in connection with a domestic/child custody case. Over a period of two years, Phipps claimed to have paid Price $8,750, though he provided proof of only $4,000. After Price's arrest on his own criminal charges, Price was unable to continue the representation, but acknowledges he did not timely refund the unearned fee in the case, which he believed to be approximately $800. Price acknowledges his failure to timely refund the unearned fee violated SCR 3.130(1.16)(d) (failing to protect a client's interests on termination of representation and refunding unearned fee).

The Office of Bar Counsel requested Price provide an accounting of his time in the case to determine the unearned fee. Price acknowledges failure to provide any such documentation until the discussions about globally resolving these matters. Price acknowledges his failure to do so violated SCR 3.130(8.1)(b) ("knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority[]").

While Price denies receiving $8,750 from Phipps, Price acknowledges payment of $4,000, the amount Phipps provided proof of having paid. Although Price believes he earned all but $800 of the fee paid, he admits he does not have proof to document that and agrees to refund the amount he was paid. Price has copies of money orders and certified checks showing payment to Phipps in the amount of $600, leaving the balance owed as $3,400.

### F. KBA File No. 24020.

Patricia Partin paid Price $200 in March 2015, to change a will and a deed, providing him all necessary information including her existing will. Price acknowledges receiving the funds on that date. He also acknowledges he owed her a refund, which he has since repaid. Price acknowledges his failure to timely refund her unearned fee, or provide her the papers he said he prepared for her, violated SCR 3.130(1.16)(d) (failing to protect a client's interests on termination of representation and refunding unearned fee).

Price further acknowledges he deposited that money into his operating account before the work was completed, without a proper fee agreement under SCR 3.130(1.5)(f), in violation of SCR 3.130(1.15)(e) (failure to deposit advance

6

fees/expense into a client trust account). He also acknowledges that he misrepresented to the Office of Bar Counsel that he had not deposited the money until after he had performed the work, in violation of SCR 3.130(8.1)(a) (in connection with a disciplinary matter, "knowingly mak[ing] a false statement of material fact[]").

### G. KBA File No. 17-DIS-0310.

Bridget Peace hired Price in February 2015, paying him a total of $2,762 in cash to appeal a federal court decision involving the forfeiture of firearms. These weapons had been seized from Peace's home upon her husband's arrest on drug charges, and then forfeited to the government when he was convicted. Price said he completed a review of the matter and determined no basis for appeal existed, as to which he advised Peace by letter. Price claims to have performed significant work on the matter, but admittedly does not have documentation to show what work was done. He also admits he did not earn the full amount he was paid and failed to refund any amount to Peace. Peace filed a small claims action against Price and received a judgment in the amount of $2,500 plus court costs of $71 in May 2017. Price failed to appeal that judgment.

Price failed to maintain trust account records to determine whether some or all of Peace's funds were deposited to a trust account. Despite Peace's demands for a refund and accounting, Price acknowledges he failed to deliver any accounting to her of the funds she had paid him. Although Price thought he had returned Peace's file to her, she does not have it, and he has no proof

7

that he sent it, nor any ability to recreate it.  Further, Price has not made any payment to Peace toward refunding the unearned fee as adjudged by the small claims court.

Price acknowledges his conduct in this matter violated SCR 3.130(1.15)(a) (failure to keep and preserve trust account records); SCR 3.130(1.15)(b) (failure to promptly render upon request a full accounting regarding funds in which a client has an interest); and SCR 3.130(1.16)(d) (failing to protect a client's interests on termination of representation and refunding unearned fee).

## II.     Price's Post-Suspension Activities and Proposed Discipline.

As noted, Price has been suspended from the practice of law since August 2015, when this Court entered an order temporarily suspending him, finding that his conduct as alleged in the criminal case provided a reasonable basis to believe he posed a substantial threat of harm to his clients or the public.  SCR 3.165(1)(b).  For a period of eleven months, Price was in inpatient treatment and did not have the ability to repay his clients.  He wrote everyone a letter apologizing for his inability to pay.  Upon completing treatment and obtaining a job, Price states that he started paying immediately.  Since the time of his suspension, Price further states that he has been working toward rehabilitation and maintaining his commitment to sobriety.  He has used the time since his suspension to become a Certified Addictions and Drug Consultant-Level II, which allows him to provide substance abuse counseling to others suffering from addiction.

8

Price states that he has now rebuilt his earning capacity to the point that he can make payments to those individuals to whom he owes refunds of unearned fees, and intends to do so. While he has repaid some of the clients listed above, Price acknowledges he still owes money to some. Specifically, Price agrees to make restitution as follows: Roy Manus, $4,231.75; Freda Serres, $500.00; Kevin Phipps, $3,400.00; and Bridget Peace, $2,571.00. He will make monthly payments to each individual, beginning upon the entry of an order in this matter and continuing until these amounts are paid in full.

Price acknowledges his past conduct violated the Rules of Professional Conduct but believes he has demonstrated strong commitment to his ongoing sobriety during the pendency of these matters, and has accepted responsibility for repaying the unearned fees, both of which he hopes will be sufficient to convince the Court to accept this Motion.

Price requests the Court to impose upon him a suspension for a further period of two (2) years from the date of the Court's Order, with any reinstatement to be conditioned upon his having provided proof of repayment to the clients listed above. Further, any reinstatement would be conditioned upon Price providing proof of his ongoing participation in and compliance with drug and alcohol treatment, either in connection with KYLAP or another lawyer assistance program, including a current assessment from a certified provider, and a clean drug test. Price further agrees to attend and successfully complete the Ethics and Professionalism Enhancement Program (EPEP) and the Trust

Account Management Program (TAMP) within one year after any reinstatement would be granted.

### III.   KBA Response.

The KBA does not object to Price's motion or proposed two-year suspension, which will begin to run upon entry of this Court's Order, with conditions.  It notes Price's effort through counsel to negotiate a sanction in all matters, for which Price is guilty of violating the following Rules of Professional Responsibility:

> SCR 3.130(1.3) (lack of diligence);
>
> SCR 3.130(1.15)(a) (failure to preserve trust account records);
>
> SCR 3.130(1.15)(b) (failure to promptly render upon request full accounting of money held in trust);
>
> SCR 3.130(1.15)(e) (failure to deposit to client trust account advance fees/expenses);
>
> SCR 3.130(1.16)(d) (failure to protect client's interests on termination of representation)—5 counts;
>
> SCR 3.130(8.1)(a) (knowingly making false statement of material fact in connection with a disciplinary matter);
>
> SCR 3.130(8.4)(b) (committing a criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as a lawyer); and
>
> SCR 3.130(8.4)(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation)—3 counts.

The KBA notes that a two-year suspension in this matter will result in a total suspension, since the original temporary suspension, of nine years, which might otherwise support a permanent disbarment.  The KBA points to the following case law in support of further suspension as opposed to permanent disbarment.

10

In *Kentucky Bar Association v. Pulliam,* 232 S.W.3d 520 (Ky. 2007), a lawyer was permanently disbarred after default on charges in five separate disciplinary matters, failed to appear for sentencing after pleading guilty to a DUI, and accepted cases and fees and then failed to do the work or to refund fees. While the lawyer's failures in *Pulliam* are similar to those here, the KBA points to the material distinction that Pulliam completely failed to participate in his disciplinary process. By contrast, Price has participated, is addressing his substance abuse issue, and has agreed to refund all unearned fees.

The KBA further cites a number of cases in support of an additional suspension of two years. *Wickersham v. Ky. Bar Ass'n,* 585 S.W.3d 766 (Ky. 2019) (three-year suspension imposed for convictions of wanton endangerment first degree, alcohol intoxication in a public place and DUI, where facts showed active recovery efforts following arrest (single incident) and no loss or harm to clients); *Fink v. Ky. Bar Ass'n,* 568 S.W.3d 354 (Ky. 2019) (five-year suspension, retroactive to date of temporary suspension, imposed for felony drug convictions (multiple counts) where facts demonstrated strong commitment to recovery and no financial harm to multiple clients); *Ky. Bar Ass'n v. Mulliken,* 353 S.W.3d 614 (Ky. 2011) (suspension from practice of law until released from criminal probation and parole following conviction of criminal drug charges and five years thereafter); *Ky. Bar Ass'n v. Griffith,* 136 S.W.3d 429 (Ky. 2004) (five-year suspension for abandonment of clients, failure

11

to properly terminate representation, and failure to respond to KBA, but without criminal charges or prior discipline[3]).

## ORDER

1. Jason Paul Price's motion for the imposition of a negotiated sanction is hereby granted.

2. Upon the entry of this Order, Jason Paul Price is suspended from the practice of law for an additional period of two years.

3. Any reinstatement shall be conditioned upon Price providing proof of repayment to the following clients:

   a. Roy Manus, $4,231.75;

   b. Freda Serres, $500.00;

   c. Kevin Phipps, $3,400.00; and

   d. Bridget Peace, $2,571.00.

   Price shall make monthly payments to each individual, beginning upon the entry this Order and continuing until these amounts are paid in full.

4. Any reinstatement shall be conditioned upon Price providing proof of ongoing participation in and compliance with drug and alcohol treatment, either in connection with KYLAP or another lawyer assistance program, a current assessment from a certified substance abuse treatment provider and clean drug test(s).

---

[3] The KBA advises Price has a previous private reprimand and a previous public reprimand.

5. Price shall attend and successfully complete the Ethics and Professionalism Enhancement Program and the Trust Account Management Program within one year after any reinstatement.

6. Within sixty days of the entry of this Order, Price shall pay the cost of the proceedings, $371.61, to the Kentucky Bar Association.

All sitting. All concur.


ENTERED: August 18, 2022.


_____
CHIEF JUSTICE