**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Melissa Ash HAGGARD, Respondent.**

**No. 2001–SC–0676–KB.**

Supreme Court of Kentucky.

Oct. 25, 2001.

## OPINION AND ORDER

This Court admitted Respondent, Melissa Ash Haggard of Jefferson County, Kentucky, to the practice of law in this Commonwealth by order entered May 21, 2000. The Complainant, the Kentucky Bar Association, asks this Court to enter a published order confirming Respondent's automatic suspension from the practice of law in the Commonwealth under SCR 3.166(1)[1] as a result of Respondent's plea of guilty to three (3) counts of the Class D felony offense of Impersonating a Peace Officer in violation of KRS 519.055.

In response to Complainant's request for a published order confirming Respondent's suspension, Respondent advises the Court that she entered *Alford*[2] pleas of guilty to the indicted offenses to satisfy the statutory requirements for entry into the Jefferson Circuit Court Pretrial Diversion Program.[3] Respondent attaches to her pleadings in this matter copies of the Jefferson Circuit Court's Order on Plea of Guilty and the Commonwealth's Pretrial Diversion Recommendation which indicate that: (1) on August 3, 2001, Respondent entered pleas of guilty to three (3) counts of Impersonating a Police Officer; (2) the Commonwealth recommended a sentence of two (2) years on each count to run concurrently; (3) the Commonwealth agreed to Felony Diversion in accordance with the conditions specified in the Diversion Order; and (4) the Diversion Order provides for a one (1) year period of unsupervised pretrial diversion during which Respondent must attend alcohol and substance abuse counseling with her progress to be both monitored by the Court Monitoring System and reported to the Jefferson Circuit Court.

Respondent later supplemented the record in this action with an order entered by the Jefferson Circuit Court on September 21, 2001 which contains the trial court's finding that "[t]he Defendant has freely, knowingly, voluntarily and intelligently entered a plea of guilty" and which grants Respondent's motion for pretrial diversion, imposes the terms and conditions recommended by the Commonwealth, and further requires that Respondent "shall obey all rules and regulations imposed by Probation and Parole," "shall not commit another offense during the period of the Pretrial Diversion," and "shall remain drug and alcohol free and be subject to random testing at her own expense."

Respondent argues that SCR 3.166 does not trigger her suspension from the practice of law because the convictions will be

---

1. SCR 3.166(1) provides:

   Any member of the Kentucky Bar Association who pleads guilty or is convicted by a judge or jury of a felony as defined in KRS 500.080 shall be automatically suspended from the practice of law in this Commonwealth. The suspension shall take effect automatically beginning on the day following the plea of guilty or finding of guilt by a judge or jury or upon the entry of judgment which ever occurs first. The suspension under this rule shall remain in effect until dissolved or superseded by order of the Court. Within thirty (30) days of the plea of guilty or finding of guilt by a judge or jury or entry of judgment whichever comes first, the suspended attorney may file a motion with the Clerk of the Supreme Court of Kentucky setting forth any grounds which the attorney believes justify dissolution or modification of the suspension. SCR 3.166(1).

2. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. *See* KRS 533.250(1)(e) ("Any person shall be required to enter an Alford plea or a plea of guilty as a condition of pretrial diversion.").

set aside and the charges dismissed [4] if she satisfies the terms of the pretrial diversion agreement. In the alternative, Respondent argues that the fact that her guilty pleas occurred in the context of a Pretrial Diversion Program constitutes grounds for this Court to enter an order dissolving or modifying the SCR 3.1667 automatic suspension.

We agree with Complainant that Respondent's felony guilty pleas require her automatic suspension from the practice of law under SCR 3.166 regardless of her participation in a felony Pretrial Diversion Program, and we find no sufficient grounds to justify dissolution or modification of the automatic suspension. In accordance with its constitutional authority to govern the practice of law in the Commonwealth,[5] this Court has concluded that an attorney's commission of a felony offense is so inimical to the standards of professional conduct that automatic suspension of that attorney's right to practice is necessary to protect the reputation of the bar. The General Assembly's pretrial diversion statute does not prevent this Court from acting against Respondent's license pursuant to Court rule and SCR 3.166 does not provide any exception for *Alford* pleas or for diversion agreements. As of this date, Respondent remains a convicted felon, and the language of SCR 3.166 unequivocally requires Respondent's automatic suspension.[6]

Accordingly, we grant the Kentucky Bar Association's request for entry of an order memorializing Respondent's suspension for the purpose of notice to all members of the legal profession and the public.

IT IS HEREBY ORDERED THAT:

(1) Pursuant to SCR 3.166, Respondent, Melissa Ash Haggard, was automatically suspended from the practice of law in the Commonwealth of Kentucky as of August 4, 2001, and this suspension shall remain in effect until dissolved or superseded by subsequent order from this Court.

(2) Respondent shall comply with the provisions of SCR 3.166(4) & (5) by notifying all of her clients in writing of her inability to continue to represent them and by canceling and ceasing any advertising activities in which she is engaged.

(3) Disciplinary proceedings against Respondent shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Respondent resigns under terms of disbarment.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., not sitting.

Entered: October 25, 2001.

/s/ Joseph E. Lambert
Chief Justice

---

4. *See* KRS 533.258:
   Effects of successful completion of pretrial diversion agreement.
   (1) If the defendant successfully completes the provision of the pretrial diversion agreement, the charges against the defendant shall be listed as "dismissed-diverted" and shall not constitute a criminal conviction.
   (2) The defendant shall not be required to list this disposition on any application for employment, licensure, or otherwise unless required to do so by federal law.
   (3) Pretrial diversion records shall not be introduced as evidence in any court in a civil, criminal, or other matter without the consent of the defendant.
   KRS 533.258.

5. KY. CONST. § 116 ("The Supreme Court shall, by rule, govern admission to the bar and the discipline of members of the bar.").

6. *See KBA v. Horn*, Ky., 929 S.W.2d 191, 192 (1996) (verifying automatic suspension despite pending motions for judgment notwithstanding the verdict and for a new trial).