Melissa HAGGARD, KBA Member
No. 88204, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2003–SC–0640–KB.

Supreme Court of Kentucky.

Oct. 23, 2003.

Peter L. Ostermiller, Louisville, Counsel for Movant.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Jane H. Herrick, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

On February 27, 2002, the Inquiry Commission of the Kentucky Bar Association issued a two (2) count disciplinary charge against Movant, Melissa Haggard of Louisville, Kentucky, who was admitted to the practice of law in this Commonwealth on May 21, 2000. As a result of Movant's August 3, 2001 guilty pleas (pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)) to three (3) counts of Impersonating a Peace Officer in violation of KRS 519.055, a Class D felony, the Inquiry Commission charged her with violations of: (1) SCR 3.130–8.3(b), which provides that "[i]t is professional misconduct for a lawyer to: Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects"; and (2) SCR 3.130–8.3(c), which provides that "[i]t is professional misconduct for a lawyer to: Engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Pursuant to SCR 3.661(1), Movant was automatically suspended from the practice of law as a result of her felony guilty pleas, and this Court confirmed Movant's suspension on October 25, 2001. *KBA v. Haggard,* Ky., 57 S.W.3d 300 (2001).

At Movant's formal sentencing, the trial court permitted Movant to participate in a pretrial diversion program and required Movant to complete an alcohol counseling program during a one (1) year term of unsupervised probation. Because Movant's successful completion of pretrial diversion would result in dismissal of the

felony charges, KRS 533.358, the Inquiry Commission granted Movant's motion to hold the disciplinary case in abeyance until the Jefferson Circuit Court proceedings were completed. Movant subsequently successfully completed the terms of her diversion agreement, and on October 2, 2002, the trial court set aside her pleas and dismissed the charges against her.

Movant is now before the Court pursuant to a Motion for Consensual Discipline in which she admits to violating SCR 3.130–8.3(c) as set forth in Count II of the Inquiry Commission's charge and asks this Court to enter an order suspending her from the practice of law for two (2) years as a result of that violation. Movant further moves the Court to: (1) dismiss Count I of the charge; and (2) order the period of suspension to run retrospectively from the beginning date of her automatic suspension. *See KBA v. Hickey*, Ky., 31 S.W.3d 434 (2000). KBA Bar Counsel states that the KBA has no objection to Movant's motion and recommends that the Court "enter an opinion and order pursuant to the terms described in Movant's motion."

Accordingly, we grant Movant's motion and hereby order that:

(1) Movant, Melissa Haggard is suspended from the practice of law for a period of two (2) years for her violation of SCR 3.130–8.3(c). The suspension shall commence on August 4, 2001—the beginning date of her automatic suspension—and shall continue until such time as she is reinstated to the practice of law by order of this Court under SCR 3.510. Upon the completion of the remaining conditions set forth in this order, the KBA File 8558 disciplinary proceeding against Movant shall be terminated. This order supercedes the Court's earlier Opinion and Order confirming Movant's SCR 3.661(1) automatic suspension from the practice of law.

(2) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $14.80, and for which execution may issue from this Court upon finality of this Opinion and Order.

(3) In accordance with SCR 3.390, and to the extent that she has not done so already, Movant, shall: (a) immediately, to the extent possible, cancel and cease any advertising activities; and (b) notify all courts in which she has matters pending, and all clients for whom she is actively involved in litigation and similar legal matters of her inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the finality of this Opinion and Order. Movant shall provide a copy of all such letters to the Director of the Kentucky Bar Association.

All concur.

Entered: October 23, 2003.

/s/ Joseph E. Lambert
CHIEF JUSTICE