Melissa HAGGARD, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2003–SC–000996–KB.

Supreme Court of Kentucky.

April 21, 2005.

Peter L. Ostermiller, Louisville, Counsel for Movant.

Bruce K. Davis, Executive Director, Linda Gosnell, Bar Counsel, Kentucky Bar Association, Frankfort, Bonnie Kittinger, Director and General Counsel, Kentucky Office of Bar Admissions, Lexington, Counsel for Respondent.

## OPINION AND ORDER

LAMBERT, Chief Justice.

Movant, Melissa Haggard, was temporarily suspended from the practice of law on August 4, 2001 by order of this Court entered on October 25, 2001.[1] Haggard has filed an application for reinstatement pursuant to SCR 3.510, and the Board of Governors has recommended that Haggard be reinstated. For the following reasons, we grant Haggard's application to the extent that she is granted conditional reinstatement to the practice of law in the Commonwealth of Kentucky.

■ When an attorney has been suspended from the practice of law, a three-part inquiry is made to determine whether the suspended attorney should be reinstated. First, we ask whether the attorney complied with the suspension order. Second, we inquire into whether the attorney "presently possesses sufficient professional capabilities and qualifications" to practice law. And finally, we ask whether the attorney is of "good moral character."[2] We discuss each of these three inquiries in the order in which they are listed above.

■ First, we agree with the Character and Fitness Committee, which conducted a hearing and issued thorough findings of fact, conclusions of law and a recommendation for conditional readmission, in that Haggard met all the requirements of the suspension order. Second, we agree with the Character and Fitness Committee's findings that Haggard possesses professional capabilities and qualifications to serve the public as a lawyer. Also relevant to the second question is that Haggard is up to date with her continuing legal education requirements and has created and sustained a successful business that serves elderly people in need of health services.

■ The third and final inquiry is the most important of the three in determining whether a suspended attorney will be reinstated to practice law in this Commonwealth.[3] It asks, in essence, whether the attorney is of "good moral character." It is incumbent upon Haggard to prove that she meets this vital qualification. As we stated in *In re Applewhite*, one who moves for reinstatement must prove that he has "so rehabilitated himself that in spite of his past failings ... he [has] become worthy of trust and confidence and would be a credit and not a detriment to the profession of law."[4]

The Character and Fitness Committee found that Haggard has made significant positive changes subsequent to her being suspended from the practice of law. She has attended Alcoholics Anonymous and is involved in her church and various civic organizations. We also note that since she

---

1. *Kentucky Bar Ass'n v. Haggard,* 57 S.W.3d 300 (Ky.2001).

2. SCR 3.510(2).

3. *See In re Cohen,* 706 S.W.2d 832 (Ky.1986).

4. 401 S.W.2d 757, 758 (Ky.1965).

was suspended Haggard has what she reports is a solid marriage to a retired police officer and has participated in literacy fairs sponsored by the Louisville Police Department. As further evidence of her good moral character a representative of Northeast Christian Church has testified that Haggard sets a good moral example for the church's children. Perhaps most importantly, though, is that Haggard founded a company called ElderCare Planning of Kentucky, LLC, which assists the elderly in obtaining specialized care. We believe, as does the Character and Fitness Committee, that Haggard has the moral rectitude necessary for an attorney in good standing, and, as such, that she has met the requirements for reinstatement to the practice of law in this Commonwealth.

However, the Board of Governors and the Character and Fitness Committee believe Haggard's reinstatement should be conditional, as provided by SCR 2.042. We agree. To that end the Kentucky Bar Association and Haggard entered into a Supervision Agreement, which deals with monitoring abstaining from alcohol and drugs, contact between Haggard and her monitor, treatment for her alcoholism, and random drug screens. We hereby adopt that agreement, dated December 2, 2004, as the conditions upon which Haggard is reinstated to practice law.

Accordingly, the application of Melissa Haggard to be reinstated to the practice of law in the Commonwealth of Kentucky is granted, with the adoption of the conditions agreed upon by her and the KBA as set out in the above-referenced Supervision Agreement.

Ms. Haggard shall pay all costs incurred by this action, the amount of $1,160.38, for which execution may issue from this Court upon finality of this Order.

All concur.