Gerald V. **ROBERTS**, Movant

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

**No. 2007–SC–000862–KB.**

Supreme Court of Kentucky.

Feb. 21, 2008.

## OPINION AND ORDER

LAMBERT, Chief Judge.

The Kentucky Bar Association (KBA) charged Movant, Gerald V. Roberts, KBA Member No. 58940, with violating SCR 3.130–8.3(b) by engaging in professional misconduct. Roberts now moves this Court to sanction him by public reprimand. The KBA has no objection.

### KBA FILE NO. 11943

SCR 3.130–8.3(b) provides that "it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects".

■ On June 22, 2004, Roberts was arrested and charged with indecent exposure in the second degree, a Class B misdemeanor. *See* KRS § 510.150. Roberts eventually entered an *Alford* plea to that charge. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Because the *Alford* plea constitutes a conviction, Roberts's conduct was clearly a "criminal act" within the meaning of SCR 3.130–8.3(b).

■ In its response to the motion, the KBA stated it has no objection to Roberts being publicly reprimanded for violating SCR 3.130–8.3(b), in lieu of being suspended. There are several similar disciplinary cases from the Commonwealth which convince us that a public reprimand is the appropriate sanction. *See Kentucky Bar Ass'n v. Davis*, 819 S.W.2d 317 (Ky.1991) (holding that an attorney's conviction for harassing communications, a Class B misdemeanor, warranted a public reprimand); *Kentucky Bar Ass'n v. Colston*, 54 S.W.3d 158 (Ky.2001) (holding that an attorney's misconduct of being convicted of harassing communications and violating a protective order warranted sanction of public reprimand and probated six-month suspension); *Kentucky Bar Ass'n v. Rankin*, 862 S.W.2d 894 (Ky.1993) (holding that convictions for wanton endangerment, assault and operating motor vehicle under influence of intoxicants warranted a public reprimand and a probated six-month suspension). Moreover, we find the following mitigating factors relevant in deciding to impose the public reprimand: 1) absence of a prior disciplinary record and 2) full and free disclosure to disciplinary board or cooperative attitude toward proceedings.

### CONCLUSION

After careful consideration of the facts, this Court orders that Gerald V. Roberts, KBA Member No. 58940, be issued a public reprimand for professional misconduct.

Thus, it is ORDERED that:

1. Gerald V. Roberts is adjudged guilty of violating SCR 3.130–8.3(b).

2. He shall therefore receive a public reprimand for his professional misconduct.

3. Pursuant to SCR 3.450, the total costs of these proceedings, including

$47.08 certified as of November 19, 2007, shall be assessed against him.

All sitting. All concur.

ENTERED: February 21, 2008.

/s/ Joseph E. Lambert
Chief Justice