**Keith McKINNEY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2011–SC–000606–KB.**

Supreme Court of Kentucky.

Nov. 23, 2011.

As Modified Jan. 4, 2012.

## OPINION AND ORDER

Movant, Keith McKinney, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceedings against him in KBA File No. 17358 by imposing a thirty-day suspension, probated for one year from the date of this Order. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

## I. BACKGROUND

Movant was admitted to the practice of law in the Commonwealth of Kentucky on November 3, 1989; his KBA member number is 83002. Movant's bar roster address is 123 S. Seventh St. Lower Level, Louisville, Kentucky 40202.

On February 10, 2009, Movant entered an *Alford* Plea in Jefferson District Court to Theft by Unlawful Taking of Under $300, a misdemeanor. As a result of the conviction he received a ninety-day sentence, conditionally discharged for a period of two years. The two year probationary period has run without adverse incident, and Movant has completed the conditions for that discharge.

The charge arose as a result of an occurrence in September, 2007, at a retail store. According to the police report, Movant switched the price tag on an item changing the price from $168.00 to $25.00. The police report indicated that an employee of the store observed the price tag switch, and when Movant was confronted after paying for the items, he advised the store employee that he had also switched the price tags on four other items. The total value of those items was less than $300.00. Movant has presented mitigating evidence that his behavior was influenced by his failure to take his prescription medications for mental health problems, and because of excessive alcohol consumption. Following the event, Movant entered into the Kentucky Lawyers Assistance Program, joined Alcoholics Anonymous, and sees a mental health care professional as needed. Movant has also paid restitution to the store.

## II. DISCUSSION

As a result of Movant's criminal conduct, on May 4, 2010, the Inquiry Commission filed a charge alleging a violation of SCR 3.130–8.3(b) ("It is professional misconduct for a lawyer to ... [c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.").[1] Movant concedes that his entry of an *Alford* plea to the theft charge is proof that he engaged in conduct that violated SCR 3.130–8.3(b). *See Kentucky Bar Association v. Haggard,* 57 S.W.3d 300 (Ky.2001) (holding that an *Al-*

---

1. As the conduct occurred prior to the rule amendment in July 2009, both the Inquiry Commission Complaint and the subsequent Charge alleged violations of SCR 3.130–8.3(b). The rule has now been renumbered as 8.4(b), but is substantively identical.

*ford* plea would be deemed a criminal conviction for the purpose of imposing a disciplinary sanction in an attorney disciplinary proceeding).

Movant believes that thirty days, probated for one year, is an appropriate length of time for suspension of his license to practice law. The KBA agrees with this suspension and probationary period.

The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed...." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, as noted, the KBA has stated that it has no objection to the sanction proposed by Movant.

We have previously issued similar sanctions for violations of SCR 3.130–8.3(b). *See Roberts v. Kentucky Bar Association,* 245 S.W.3d 207 (Ky.2008) (imposing public reprimand after *Alford* plea to indecent exposure, a Class B misdemeanor); *Witt v. Kentucky Bar Association,* 237 S.W.3d 548 (Ky.2007) (imposing public reprimand after pleading guilty to D.U.I. and disorderly conduct); and *Kentucky Bar Association v. Colston,* 54 S.W.3d 158 (Ky.2001) (imposing public reprimand and a probated six month suspension following conviction on four counts of harassing communications and violating a domestic violence order where evidence showed that behavior was caused by an adverse reaction to a prescription drug.)

However, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2). After reviewing the allegations; the cases cited by the parties; the Movant's disciplinary record, which includes a prior six-month

suspension for a fourth degree assault conviction; and the mitigating factors described herein, this Court concludes that the discipline proposed by Movant, and agreed to by the KBA, is adequate.

### III. ORDER

ACCORDINGLY, IT IS THEREFORE ORDERED THAT:

1. Movant, Keith F. McKinney, KBA Member Number 83002, is found guilty of the disciplinary violations described in KBA File 17358;

2. Movant is suspended from the practice of law for thirty days, probated for one year from the date of this Order;

3. As a condition of his probation, Movant shall continue to comply with the terms and provisions of his Supervision Agreement with the Kentucky Lawyers Assistance Program;

4. If he has not already done so, Movant shall execute a Release and Authorization to permit the Office of Bar Counsel to obtain information from the Kentucky Lawyers Assistance Program concerning his compliance with the terms of the Supervision Agreement;

5. Movant shall incur no new disciplinary charges during the probationary period;

6. If Movant fails to comply with any of these terms the probated part of his suspension will be imposed upon motion of the Office of Bar Counsel to this Court;

7. In accordance with SCR 3.450, Movant is directed to pay all costs associated with this disciplinary action, said sum being $45.65, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.