TO BE PUBLISHED

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

2016-SC-000373-KB

DATE 10/4/16 Kim Redman DC

MICHAEL STEPHEN WADE                                        MOVANT

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                          RESPONDENT

## OPINION AND ORDER

Michael S. Wade, Kentucky Bar Association (KBA) Member No. 91281, bar roster address 676 Pinetop Road, Russell Springs, Kentucky, 42642, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2006. He has been under temporary suspension from the practice of law since October 2012.

Wade received two Charges of professional misconduct stemming from separate criminal proceedings in Jefferson and Bullitt counties. The Jefferson County case related to Wade's representation of Samantha McAllister and was resolved by *Alford* plea and felony Pretrial Diversion. The Bullitt County case related to Wade's drug offenses was resolved by guilty plea and felony Pretrial Diversion. The two KBA Charges accuse Wade of violating SCR 3.130(1.4)(a), 3.130(1.15)(a), 3.130(1.15)(b), 3.130(8.4)(b), and 3.130(8.4)(c). In face of these Charges, Wade moves this Court to enter an order accepting his Motion for Consensual Discipline. The KBA makes no objection to the motion.

1

This Charge relates to representation Wade provided to McAllister in a personal-injury case arising from a December 16, 2009, motor vehicle accident. After a brief time pursuing the claim, the insurance company agreed to settle McAllister's claim for $5,500. In December 2010, the insurer mailed a settlement check payable to McAllister and Wade. In attempts to facilitate the distribution of settlement funds, Wade endorsed the check with his name and McAllister's.

Wade then made efforts to arrange a meeting with McAllister and her father to sign release documentation and make the net distribution from the settlement recovery. An appointment was set up several days after he deposited the check to make the distributions, but McAllister missed the appointment and the distribution did not occur. Over the ensuing three months, Wade made attempts to communicate with McAllister to come to the office, and McAllister also apparently tried, and failed, to set up the appointment with Wade.

Years before his representation of McAllister, Wade suffered from anxiety and depression and an active drug and alcohol addiction. In June 2011, Wade was arrested in Bullitt County on drug-related offenses, the subject of the other KBA Charge filed against him. He ultimately spent five months in an inpatient rehabilitation facility.

After his release, he made arrangements to finally distribute to McAllister her settlement recovery. On December 13, 2011, through assistance of counsel, he submitted release documentation and a check to McAllister for $4,000— payment in full for the net amount she was entitled.

Soon after, Wade was indicted in Jefferson Circuit Court for matters arising out of his representation of McAllister. He was charged with second-degree criminal possession of a forged instrument and theft by failure to make required disposition of property. The forged-instrument charge related to his endorsement of the December 2010 check, while the theft offense related to his belated distribution of settlement funds to McAllister.

In March 2014, Wade entered an *Alford* guilty plea as part of an agreement to receive felony pretrial diversion for four years.

KBA File No. 19610 contains a five-count Charge against Wade for violating (1) SCR 3.130(1.4)(a) for failure to keep a client reasonably informed and promptly complying with reasonable requests for information, (2) 3.130(1.15)(a) for failure to keep client property in a separate bank account, (3) 3.130(1.15)(b) for not promptly delivering to the client funds or property she was entitled to receive, (4) 3.130(8.4)(b) for committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, and (5) 3.130(8.4)(c) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Wade admits his conduct fell below that required of an attorney in Kentucky and admits his violation of the above-stated rules of professional conduct.

## KBA File No. 19905

This Charge concerns the Bullitt Circuit Court criminal case relating to Wade's drug offenses. This case was resolved by a guilty plea subject to receiving felony Pretrial Diversion. In the time since his conviction he has taken a number of steps to treat his drug and alcohol addiction, including extensive

3

inpatient treatment, entering a supervision with KYLAP, and regularly attending twelve-step support meetings.

Wade readily admits that his pattern of drug and alcohol abuse, as well as his criminal proceedings, subjects him to disciplinary sanction from this Court. Sure enough, this Charge includes one charge for violation of SCR 3.130(8.4)(b), asserting that his criminal acts reflected adversely on his honesty, trustworthiness, or fitness as a lawyer. Wade admits that his actions fell below conduct expected of a licensed attorney in Kentucky.

## ANALYSIS

Wade moves this Court to accept his motion for consensual discipline for these violations of the Kentucky Rules of Professional Conduct. He urges us to enter an Order suspending his license to practice law in Kentucky for a period of four years and six months (until April 26, 2017), retroactive from October 26, 2012, or until such time as he has satisfied the full terms and conditions of pretrial diversion in the Jefferson and Bullitt Circuit Court proceedings, whichever event last occurs. The KBA, after a thorough review of his motion and analogous case law, has no objection to Wade's proposed discipline. We too are satisfied with the negotiated sanction, and agree to grant the motion.

For the foregoing reasons, the Court ORDERS that:

1. Michael Stephen Wade, KBA Member No. 91281, is guilty of all charges alleged in KBA File Nos. 19610 and 19905.

2. Wade's Motion for Consensual Discipline is granted.

3. Wade is hereby suspended from the practice of law for four years and six months, retroactive from October 26, 2012. The suspension shall last until April 26, 2017, or until he has satisfied the full terms and

4

conditions of the criminal proceedings in 11-CR-00238, Bullitt Circuit Court, and 12-CR-001889, Jefferson Circuit Court, whichever event last occurs. His reinstatement is also subject to approval from the Character & Fitness Committee under SCR 3.505.

4. This discipline is conditioned on Wade's continued participation with KYLAP, on such terms and conditions as KYLAP may determine. Wade shall execute a release in favor of the Office of Bar Counsel so that Bar Counsel may obtain status-report information concerning Wade's participation in KYLAP.

5. In accordance with SCR 3.450, Wade is directed to pay all costs associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 22, 2016.

_____
CHIEF JUSTICE JOHN D. MINTON, JR.

5