TO BE PUBLISHED
Supreme Court of Kentucky
FINAL
2018-SC-000647-KB
DATE 2/26/19 Kim Redmon, DC

LEAH STACY FINK                                                    MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                              RESPONDENT


## OPINION AND ORDER

Leah Stacy Fink[1] received a two-count charge of professional misconduct stemming from two separate felony drug offense convictions in Clark County, Indiana and Harrison County, Indiana. Fink was convicted in both cases and was sentenced to eight years and one and one-half years in prison, respectively, to run consecutively. The KBA charge accuses Fink of violating SCR 3.130(8.4)(b). In the face of this charge, Fink moves this Court to enter an order accepting her Motion for Consensual Discipline, and the KBA makes no objection to the motion.

---

[1] KBA Member Number 83980, bar roster address 480 East Ridge Road SE, Corydon, IN 47112, was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1991.

# I. KBA FILE 20109.

The first of the two-count KBA charge relates to a 2011 Harrison County, Indiana, criminal case. On August 15, 2011, a confidential informant working for the local Sheriff's Department conducted a controlled drug buy from Jeremy Ripperdan, Fink's then-boyfriend, which took place at Fink's house. After the transaction, a search warrant was executed on Fink's house, and equipment used in the manufacture of methamphetamine was discovered. Both Fink and Ripperdan were arrested.

Fink was charged in Harrison County, Indiana with dealing methamphetamine, a Class B felony; possession of methamphetamine, a Class D felony; maintaining a common nuisance, a Class D felony; unlawful possession of syringe, a Class D felony; possession of two or more pre-cursors, a Class D felony, and possession of drug paraphernalia and possession of marijuana, both Class A misdemeanors.

On August 20, 2015, Fink was found guilty of all counts by a jury and was sentenced to serve eight years in the Indiana Department of corrections. Fink exhausted the appeals process and her conviction was upheld. Fink's sentence was modified in December of 2016 so that the remaining balance would be served on home detention, which concluded on February 21, 2018. Fink remains on probation, which will conclude on February 21, 2020.

The second count relates to a 2014 Clark County, Indiana, criminal case in which Fink was indicted for drug-related offenses while she was awaiting trial on the Harrison County charges. In June of 2014, the Jeffersonville Police Department executed a search warrant on a house in which Ripperdan, who

2

had recently reconnected with Fink, was temporarily living. After discovering what was believed to be an active meth lab in a detached garage, officers were informed by a neighbor that a cooler in the backyard contained additional methamphetamine making materials and that the materials had exploded in the trunk of a car located in the driveway which belonged to Fink. Officers searched the trunk and discovered numerous items used to manufacture methamphetamine.

Fink acknowledged that she should not have had contact with Ripperdan, given the conditions of her bond in the Harrison County case. She maintains, however, that she was letting Ripperdan borrow her car at the time the items were discovered and that she was unaware that Ripperdan was using her car to transport drug-related items.

On June 17, 2014, Fink was indicted on charges of manufacturing methamphetamine, a Class B felony; possession of methamphetamine precursors, a Class D felony; and Maintaining a Common Nuisance, a Class D felony. However, Fink pleaded guilty to one count of maintaining a common nuisance, and the remaining counts were dismissed by agreement. Fink was sentenced to one and one-half years' incarceration, which was later modified to nine months of home incarceration, set to conclude in November of 2018.

Because of her August 20, 2015, conviction, Fink has been on automatic temporary suspension from the practice of law in Kentucky. Fink was placed on temporary suspension in Indiana on January 8, 2015, and resigned from the Indiana Bar in August of 2015.

3

Both counts of the KBA charge allege violations of SCR 3.130(8.4)(b), which states that "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects . . . ." Fink violated this rule, in both counts, when she committed the criminal acts that led to her convictions in both the Harrison County and Clark County cases.

## II. ANALYSIS.

Fink admits that she is guilty of the above ethical violations and moves this Court to accept her Motion for Consensual Discipline. She urges us to enter an Order suspending her license to practice law in the Commonwealth of Kentucky for a period of five years, retroactive from August 20, 2015, or until she has satisfied the terms of her criminal probation in Indiana, whichever occurs first. The KBA has no objection to Fink's Motion for Consensual Discipline and requests that we order the proposed discipline.

In support of her Motion, Fink has provided proof of significant mitigating circumstances. Fink has suffered significant health problems that caused her to undergo numerous and frequent surgeries spanning from 1995 through March of 2015. In addition, Fink has shown her commitment to rehabilitation from drug addiction through a successful treatment program, her ongoing cooperation with Kentucky Lawyer Assistance Program ("KYLAP"), and attendance at AA meetings. Fink has also been consistently employed as a legal assistant in accordance with SCR 3.130(5.7) and had no record of disciplinary conduct prior to the instant criminal proceedings.

4

The KBA cites us to analogous case law in support of the proposed discipline. First, in *Kentucky Bar Association v. Embry*,[2] Joel Embry pleaded guilty to second degree manslaughter and first-degree possession of a controlled substance.[3] An investigation into his mother's death had uncovered that she was living in deplorable conditions in Embry's home, as well as evidence of his drug use.[4] Like Fink, Embry showed extensive mitigation, had no disciplinary history, and agreed to cooperate with KYLAP. Embry admitted to violating SCR 3.130 (8.3)(b),[5] and received a five-year suspension.[6]

In *Bertram v. Kentucky Bar Association*,[7] Bertram was charged with a second felony case in 2003 after being temporarily suspended for a criminal conviction in 2002, all for drug-related offenses.[8] Bertram agreed to cooperating with KYLAP and the parties agreed to a suspension for five years or until Bertram's criminal probation ended whichever occurred first.[9]

Finally, in *Wade v. Kentucky Bar Association*,[10] Wade entered into two felony diversions—one related to his representation of a client where he admitted to violating SCR 3.130(1.4)(a), 1.15(a) and (b), 8.4(b) and (c); the other

---

[2] 152 S.W.3d 869 (Ky. 2005).

[3] *Id.* at 870.

[4] *Id.* at 871.

[5] That rule is now SCR 3.130(8.4)(b).

[6] 152 S.W.3d at 871–72.

[7] 126 S.W.3d 358 (Ky. 2004).

[8] *Id.* at 358–59.

[9] *Id.* at 359.

[10] 498 S.W.3d 783 (Ky. 2016).

for drug offenses, where he admitted to again violating SCR 3.130(8.4)(b).[11] Like Fink, Wade showed commitment to treating his alcohol and drug addiction.[12] Wade was suspended by negotiated sanctions for four years and six months, retroactive from the date of his automatic suspension, or until he satisfied the terms of his pretrial diversions, whichever occurred last.[13]

After reviewing the allegations, Fink's previous disciplinary record, her willingness to cooperate with KYLAP, her consistent employment, and the cases cited by Bar Counsel, this Court concludes that the discipline proposed by Fink, and agreed to by the KBA, is appropriate. Accordingly, we grant Fink's Motion.

Accordingly, the Court ORDERS:

1) Movant, Leah Stacy Fink, KBA Number 83980, 480 East Ridge Road SE, Corydon, IN 47112, is adjudged guilty of violating SCR 3.130(8.4)(b) as charged in KBA File 20109;

2) Fink is suspended from the practice of law for five years, retroactive from August 20, 2015, or until she has satisfied in full the terms and conditions of the criminal proceedings in the Harrison County Court, Indiana, set out in Count 1 of the Charge, whichever event first occurs;

3) Fink must continue participation in KYLAP, on such terms and conditions as KYLAP may determine, and must execute, and maintain in effect, a release in favor of the Office of Bar Counsel so that the Office of

---

[11] *Id.* at 784.

[12] *Id.* at 785.

[13] *Id.*

6

Bar Counsel may obtain status report information concerning Fink's participation in KYLAP;

4) In the event Fink violates the terms of her criminal probation, the Office of Bar Counsel may seek to revoke the disciplinary suspension imposed and may seek the permanent disbarment of Fink;

5) As required by SCR 3.390, Fink must, if she has not already done so, within 10 days after issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which she has matters pending, and all clients of her inability to represent them and of the necessity and urgency to promptly obtain new counsel. Fink must simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Fink shall immediately cancel any pending advertisements, to the extent possible, and must terminate any advertising activity for the duration of the term of suspension;

6) Fink is instructed promptly to take all reasonable steps to protect the interests of her clients. She must not, during the term of suspension, accept new clients or collect unearned fees, and she shall comply with the provisions of SCR 3.130–7.50(5);

7) Fink must pay the costs of these proceedings pursuant to SCR 3.450.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.

ENTERED: February 14, 2019.

_____
CHIEF JUSTICE JOHN D. MINTON, JR.