TO BE PUBLISHED
FINAL
DATE 11/15/19 JMF

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

## 2019-SC-000540-KB

MARK KINDRED WICKERSHAM                                         MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                    RESPONDENT


## OPINION AND ORDER


On September 9, 2019, Mark Kindred Wickersham[1] moved for

consensual discipline under Supreme Court Rule (SCR) 3.480(2) based on a

negotiated sanction agreement with the Kentucky Bar Association (KBA).

Wickersham requests an order suspending his license to practice law in the

Commonwealth of Kentucky for a period of three years effective March 8, 2018,

or until he has satisfied in full the terms and conditions of his pretrial

diversion in the Madison Circuit Court criminal proceedings.[2] The KBA filed a

response stating that it had no objection. Because Wickersham and the KBA

have agreed on the sanction, and we find that our caselaw supports the

proposed resolution in this matter, this Court hereby grants Wickersham's

motion and orders that Wickersham is suspended from practicing law in the

---

[1] Wickersham was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2000. His bar roster address is listed as 3347 Colonel Road, Richmond, Kentucky 40475, and his KBA number is 88280.

[2] *Commonwealth v. Mark Wickersham*, 17–CR–00739 (Madison Cir. Ct. 2018).

Commonwealth of Kentucky for a period of three years effective March 8, 2018, or until he has satisfied in full the terms and conditions of the underlying criminal proceeding, whichever occurs first.

## I. BACKGROUND.

On October 10, 2017, Mark Wickersham, while intoxicated, picked up his minor son from school and fell asleep while driving his son on a local interstate highway. Wickersham's son had to awaken him. The son then contacted his mother, who in turn contacted law enforcement. On October 19, 2017, Wickersham was indicted by the Madison County Grand Jury for three counts of First-Degree Wanton Endangerment, alcohol intoxication in a public place, and DUI. Following this incident, an Inquiry Commission Complaint was filed alleging that Wickersham may have violated SCR 3.130(8.4)(b) by committing a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer. The Inquiry Complaint also referenced two other alcohol-related incidents that occurred between June 2017 and October 2017.

The criminal case was resolved by a guilty-plea agreement in Madison Circuit Court on March 8, 2018, providing for pretrial diversion for a period of three years. By operation of SCR 3.166,[3] Wickersham's license to practice law was temporarily and automatically suspended upon entry of the guilty plea.

---

[3] SCR 3.166(1) provides, in part, that "[a]ny member of the Kentucky Bar Association who pleads guilty to a felony, including a no contest plea or a plea in which the member allows conviction but does not admit the commission of a crime, or is convicted by a judge or jury of a felony, in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth. . ."

2

Since the alcohol-related incidents in October 2017, Wickersham has reportedly been in, and remains in, active substance-abuse recovery. He acknowledges that he has an alcohol-abuse problem and has accepted personal responsibility for his conduct that led to the criminal proceedings. Wickersham has also reportedly taken steps to address these problems, including in-patient counseling and treatment, which continues today. Furthermore, Wickersham acknowledges that his conduct fell below that required of an attorney under SCR 3.130 (8.4)(b).

## II. ANALYSIS.

Under SCR 3.480(2), this Court "may consider negotiated sanctions of disciplinary investigations, complaints or charges. . ." Under this rule, Wickersham and the KBA reached a negotiated sanction to resolve this matter. Wickersham now moves this Court to accept this consensual discipline for his violation of SCR 3.130(8.4)(b). He asks us to suspend his license to practice law in Kentucky for a period of three years, effective March 8, 2018, or until he has satisfied in full the terms and conditions of his pretrial diversion in the criminal proceedings, whichever event occurs first. The KBA, having its review of his motion and analogous caselaw, stated no objection to the proposed discipline and requested that we order the proposed discipline.

In support of his motion, Wickersham and the KBA have provided proof of significant mitigating circumstances. Since the 1980s, Wickersham has suffered several ongoing and chronic health issues such as back surgeries, cancer treatment and surgeries, kidney stones surgeries, and surgery to treat his Crohn's Disease. Since the incidents that occurred in October 2017,

3

Wickersham has demonstrated ongoing commitment to rehabilitation from his alcohol addiction. Wickersham entered a long-term, in-patient treatment program at Shepard's House in Lexington, Kentucky, in January 2018. During his time at Shepard's House, Wickersham sought and gained two-part time jobs. Upon completing the treatment at Shepard's House in December 2018, Wickersham was asked by Shepard's House to remain as a volunteer, a position which he accepted. As a volunteer, Wickersham remains subject to the same random drug tests as when he was a treatment-program participant. KYLAP is aware of his status and on-going participation as a volunteer. When Wickersham was a treatment-program participant, KYLAP advised Wickersham that because of the structure and organization of Shepard's House, a KYLAP agreement was not needed at that time, but an appropriate KYLAP agreement is currently being finalized.

The KBA cites us to analogous case law in support of the proposed discipline. First, in *Fink v. Kentucky Bar Association*,[4] Leah Fink was convicted in two felony drug cases and received a sentence of eight years in one case and one and one-half years in the other.[5] Like Wickersham, Fink had been suspended since her conviction, and had demonstrated a similar commitment to active recovery. Fink received a five-year suspension, retroactive to the date of her temporary suspension, or until she had fully satisfied the terms of her criminal proceedings.[6]

---

[4] 568 S.W.3d 354 (Ky. 2019).

[5] *Id.* 355–56.

[6] *Id.* at 357–58.

Furthermore, in *Kentucky Bar Association v. Embry*,[7] Joel Embry pleaded guilty to second degree manslaughter and first-degree possession of a controlled substance.[8] These charges stemmed from an investigation conducted after Embry's mother died, which revealed that his mother was living in "deplorable conditions" in his home, as well as evidence of his drug use.[9] Like Wickersham, Embry demonstrated extensive mitigating evidence, had no disciplinary history and agreed to cooperate with KYLAP. Embry admitted to violating SCR 3.130 (8.3)(b), and received a five-year suspension.

Finally, in *Wade v. Kentucky Bar Association*,[10] Wade entered into two felony diversions for drug offenses in violation of SCR 3.130(8.4)(b), and for conduct related to representation of a client in violation of SCR 3.130(1.4)(a), 1.15(a) and (b), 8.4(b) and (c).[11] Like Wickersham, Wade demonstrated commitment to treating his alcohol and drug addiction. Wade agreed to a suspension for four years and six months, retroactive to his automatic suspension, or until he satisfied the terms of his pretrial diversions.

After reviewing the allegations, Wickersham's previous disciplinary record, his willingness to cooperate with KYLAP and other treatment programs, his demonstrated dedication to continuing his sobriety, and the cases cited by the KBA, this Court concludes that the discipline proposed by Wickersham, and agreed-to by the KBA, is appropriate.

---

[7] 152 S.W.3d 869 (Ky. 2005).

[8] *Id.* at 870.

[9] *Id.* at 871.

[10] 126 S.W.3d 358 (Ky. 2004).

[11] *Id.* at 784.

# III. ORDER.

Accordingly, the Court hereby grants Wickersham's Motion and ORDERS that:

1. Movant, Mark Kindred Wickersham, is adjudged guilty of violating SCR 3.130 (8.4)(b);

2. Wickersham is suspended from the practice of law for three years, retroactive from March 8, 2018, or until Wickersham has satisfied in full the terms and conditions of his pretrial diversion in the Madison Circuit Court criminal proceedings, whichever event first occurs;

3. Wickersham must continue participation in KYLAP, on such terms and conditions as KYLAP may determine, and must execute and maintain in effect a release in favor of the Office of Bar Counsel so that the Office of Bar Counsel may obtain status-report information concerning Wickersham's participation in KYLAP;

4. In the event Wickersham violates the terms of his pretrial diversion, the Office of Bar Counsel may seek to revoke the disciplinary suspension imposed and may seek the permanent disbarment of Wickersham;

5. As required by SCR 3.390, Wickersham must, if he has not already done so, within 10 days after issuance of this Order of suspension from the practice of law, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all clients of his inability to represent them and of the necessity and urgency promptly to obtain new counsel. Wickersham must simultaneously provide a copy of all such letters of notification to the

6

Office of Bar Counsel. Wickersham must immediately cancel any pending advertisements, to the extent possible, and must terminate any advertising activity for the duration of the term of suspension;

6. Wickersham must promptly take all reasonable steps to protect the interests of his clients. He must not, during the term of suspension, accept new clients or collect unearned fees, and he must comply with the provisions of SCR 3.130–7.50(5);

7. Wickersham must pay the costs of these proceedings under SCR 3.450, $90.75.

All sitting. All concur.

ENTERED: October 31, 2019.

CHIEF JUSTICE