TO BE PUBLISHED
FINAL
DATE 9-1-2020
Karen Cull


# Supreme Court of Kentucky

## 2020-SC-000050-KB

MICHAEL STEPHEN WADE                                                MOVANT

V.                                   IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                        RESPONDENT

### OPINION AND ORDER

Michael Stephen Wade[1] was suspended from the practice of law on October 26, 2012, by order of this Court entered on September 22, 2016.[2] Wade filed an application for reinstatement under SCR[3] 3.510,[4] and the Board of Governors recommended that we deny the application. For the following reasons, we deny Wade's application for reinstatement to the practice of law in the Commonwealth of Kentucky.

---

[1] Wade's KBA number is 91281, and he was admitted to practice law in Kentucky on May 1, 2006. His bar roster address is 966 Pinetop Road, Russell Springs, Kentucky 42642.

[2] *See Wade v. Kentucky Bar Ass'n*, 498 S.W.3d 783 (Ky. 2016).

[3] Supreme Court Rule.

[4] SCR 3.510 details the process by which suspended attorneys may be reinstated to the Kentucky bar. Per SCR 3.510(4), if the attorney's suspension has lasted for five or more years, the Director shall refer the application to the Character and Fitness Committee for proceedings under SCR 2.300.

# I. BACKGROUND

Wade's suspension was the result of two charges of professional misconduct related to two separate criminal proceedings in Jefferson and Bullitt Counties. In the Jefferson County case, Wade was charged with second-degree criminal possession of a forged instrument for endorsing a settlement check with both his and his client's names. He was also charged with theft by failure to make a required distribution for the belated distribution of settlement funds to his client. Wade entered an *Alford* plea as part of an agreement to receive felony pretrial diversion for four years. The Bullitt County case concerned drug-related offenses, which were resolved by a guilty plea subject to receiving felony pretrial diversion.

In 2016, this Court suspended Wade from the practice of law for four years and six months, retroactive from October 26, 2012, to April 26, 2017, or until he satisfied the full terms and conditions of the criminal proceedings in the Bullitt and Jefferson County cases, whichever event were to occur last.[5] The order also made his reinstatement subject to approval from the Character and Fitness Committee under SCR 3.505,[6] and it imposed the condition that Wade continue participation in KYLAP and execute a release in favor of the Office of Bar Counsel so that Bar Counsel could obtain status-report information concerning his participation in KYLAP.[7]

---

[5] *Wade*, 498 S.W.3d at 785.

[6] SCR 3.505 provides, in relevant part, that the Character and Fitness Committee shall consider all applications for reinstatement to the practice of law by persons who have been suspended for more than 180 days. *See* SCR 3.505(1)(a).

[7] *Wade*, 498 S.W.3d at 785–86. KYLAP is the Kentucky Lawyer Assistance Program.

2

Wade filed his application for reinstatement on November 1, 2018. The application included a Continuing Legal Education Certification, a statement from Bar Counsel that Wade had not been the subject of any claims against the Client's Security Fund, a criminal history report, and affidavits from three practicing attorneys acknowledging Wade's past criminal charges and history of addictions but recommending he be reinstated.

Upon receipt of Wade's application, the Character and Fitness Committee instructed Wade by letter to file a Character and Fitness Questionnaire for Certification for Reinstatement Form ("Questionnaire"), and provided directions on how to complete it, under SCR 2.300(1)(e).[8] Having not received Wade's Questionnaire, the Character and Fitness Committee sent Wade another letter in March 2019, advising him to complete the Questionnaire and submit it within thirty days of the date of the letter or the Committee could make an unfavorable recommendation under SCR 2.300(1)(f). Wade responded by letter in April 2019, stating that he needed assistance in resetting his log-in information and that he would be contacting Lisa Larkey, the analyst assigned to his case, for help "asap." Wade then emailed Larkey on May 5, 2019, stating that he was working on his Questionnaire but wanted to clarify a couple of points with her the following day and would then submit the completed Questionnaire. Ms. Larkey did not hear from Wade after his email.

---

[8] SCR 2.300(1)(e) and (f), together, provide that an applicant for reinstatement will receive from the Character and Fitness Committee an instruction to electronically file a Character and Fitness Certification for Reinstatement Form (the Questionnaire), and that the failure to perfect an application within thirty days of a notice of deficiency may result in an unfavorable recommendation from the Committee.

3

Ms. Larkey followed up with Wade by email in July 2019, reminding him that the Committee had still not received his completed Questionnaire and asking whether he still intended to pursue his reinstatement. Wade did not respond. In August 2019, the Office of Bar Admissions again sent Wade an email and letter reminding him of the failure to file the Questionnaire and warning him that the Committee would send a negative recommendation to the Board of Governors if they did not receive the Questionnaire. Wade again failed to respond.

Without the Questionnaire and required documentation, the Character and Fitness Committee lacked the information necessary to investigate Wade's reinstatement. Among other things, the Committee had no records from KYLAP because Wade failed to submit any releases allowing the Committee to ask for information from KYLAP, no treatment records to verify sobriety, no character references, no tax information, and no signed statement that he followed all the conditions set forth in his 2016 order of suspension. In addition, the criminal history report provided with Wade's application did not confirm whether the pretrial diversion agreements imposed in Jefferson and Bullitt Counties had been completed.

After eight months of trying and failing to have Wade submit the Questionnaire, the Committee issued a recommendation to deny Wade's application for reinstatement. Specifically, the Committee could not verify that Wade complied with his suspension order because they did not have the necessary release authorizations for KYLAP or information showing that Wade satisfied all the terms and conditions of his criminal proceedings. In addition, the Committee could not find that Wade carried his burden in showing he was

4

worthy of public trust, possessed sufficient professional capabilities, presently exhibited good moral character, or had shown contrition, remorse, and rehabilitation. Wade was mailed a copy of a motion from bar counsel to the Board of Governors to accept the recommendation of the Committee, but Wade again failed to respond. In November 2019, the Board of Governors voted unanimously to accept the negative recommendation of the Committee to deny Wade's application for reinstatement. Therefore, the Board recommends this Court deny Wade's application.

## II. ANALYSIS

When an attorney, proven to have violated our rules regarding professional conduct, seeks to be readmitted to the practice of law, he bears the burden "of proving by clear and convincing evidence that he[] possesses the requisite character, fitness and moral qualification for readmission[.]"[9] In determining whether the attorney has met his burden, we focus on, among other things, whether the attorney has complied with the terms of the suspension order.[10]

In this case, we agree with the Board's recommendation to deny Wade's application for reinstatement because, at a minimum, Wade has not shown compliance with our 2016 suspension order. Because of Wade's failure to respond to the Questionnaire, he has not shown that he has continued participating in KYLAP or that he has satisfied all the terms and conditions of the criminal proceedings against him. He has also not been approved by the

---

[9] SCR 2.300(6).

[10] *See Haggard v. Kentucky Bar Ass'n,* 160 S.W.3d 352, 353 (Ky. 2005); *Scholl v. Kentucky Bar Ass'n,* 213 S.W.3d 687, 690 (Ky. 2007); SCR 2.300(6)(a).

Character and Fitness Committee. As such, we must accept the recommendation of the Board to deny Wade's application for reinstatement.

### III. ORDER

For the reasons stated, the Court ORDERS that Michael Stephen Wade's application for the reinstatement to the practice of law in the Commonwealth of Kentucky is DENIED at Wade's cost, $464.37, for which execution may issue immediately. This order does not preclude Wade from again filing an application for reinstatement to the practice of law in the Commonwealth of Kentucky.

All sitting. All concur.

ENTERED: August 20, 2020

_____
CHIEF JUSTICE MINTON